Houston Gonzales, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued January 9, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*James G. Gavin,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 3, 1975:

On March 30, 1973, Houston Gonzales (Appellant) was involuntarily separated from his employment as a material handler for Brown's Frosted Foods, Inc. (Brown's) in Philadelphia, and he thereafter became eligible for unemployment compensation benefits. He had worked for Brown's, which was within walking distance of Appellant's home, for approximately seven years at an hourly wage of $2.52. On April 10, 1973, the Philadelphia office of the Bureau of Employment Security referred Appellant to Vita Food Products, Inc. (Vita) of Philadelphia for employment as a material handler at $2.50 per hour. Appellant accepted the referral but refused to complete an employment application because he felt the job was too distant from his home and, further, the salary offered would not compensate for the increased transportation costs. Vita Food's plant is approximately three miles from Appellant's home, and is readily accessible by public transportation at a fare of forty cents each way.

The Bureau, a referee, and the Unemployment Compensation Board of Review all found that Appellant's refusal of the referral offer rendered him ineligible for compensation under Section 402 (a) of the Unemployment Compensation Law, Act of December 5, 1936, P.L.

(1937) 2897, *as amended,* 43 P.S. §802(a)· which provides as follows:

"An employee shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer, irrespective of whether or not such work is in employment, as defined in this act: Provided, that such employer notifies the employment office of such offer within three (3) days after the making thereof."

No useful purpose would be served by our reiteration of the law relating to the alleged inconvenience of transportation as a ground for refusal of suitable work since it was recently enunciated by Judge ROGERS in *Zysk v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 409, 316 A. 2d 663 (1974). Suffice it to say that in reviewing the record and findings thereon, which we find supported by substantial evidence, the inconvenience of the available transportation which never was realistically tested by Appellant does not constitute "good cause" for his refusal of the proffered employment.

Recognizing this, Appellant then argues dually that the job offer was not suitable because it had been received by him within ten days of the termination of his prior employment (theorizing that he should have at least ten days in which to find employment of at least a similar kind and circumstances as his previous tenure), and its acceptance might require him to join a union at Vita.

As to the first contention, the time frame during which a claimant ordinarily remains unemployed is an important criterion in ascertaining whether a referral is for "suitable work" as defined by Section 4(t) of the Unemployment Compensation Law, 43 P.S. §753(t). It is clear that reasonable opportunity must be given a

claimant to locate a position commensurate with his acquired work skills and salary level. *See Shay Unemployment Compensation Case*, 424 Pa. 287, 227 A. 2d 174 (1967) ; *United States Steel Corp. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 295, 310 A. 2d 94 (1973). Ten days or less might in some circumstances justify a refusal to accept a job opportunity. Here, however, we have a situation where the proffered employment, aside from the alleged inconvenience of transportation, is practically identical to his prior employment. The short timing of the offer is insignificant. The purpose of the time sequence has been met by the happenstance of this job offer.

As to Appellant's second contention, it is clear that an offer of work conditioned upon a claimant's induction in a company union would not be "suitable work" under Section 4(t) (3), 43 P.S. §753(t) (3). *Barclay White Co. v. Unemployment Compensation Board of Review*, 356 Pa. 43, 50 A. 2d 336 (1947), *cert. denied* 332 U.S. 761 (1947) ; *Elnit Unemployment Compensation Case*, 168 Pa. Superior Ct. 158, 77 A. 2d 668 (1951). The record here, however, does not support Appellant's contention that Vita made this a condition of employment.

ORDER

AND NOW, March 3, 1975, the order of the Unemployment Compensation Board of Review is affirmed and this appeal is dismissed.