John Y. Hill, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, March 14, 1980, to Judges Mencer, Craig and Williams, Jr., sitting as a panel of three.

*John Y. Hill,* Pro Se, petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, June 11, 1980:

John Y. Hill (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying him benefits for refusing suitable work without good cause, pursuant to Section 402(a) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a). We affirm.

On August 18, 1978, claimant completed his last day as a part-time driving instructor for Ridley Senior High School. As an instructor, claimant worked 30 hours a week for 9 weeks and earned approximately $1,500. After filing for unemployment benefits, claimant was offered a position by Hennessy's Driving School (Hennessy) as a driving instructor with the Pottstown School District (Pottstown), to commence on September 7, 1978.[1] Claimant, whose status with Pottstown was to be that of an independent contractor, would be compensated at rates ranging from $5 to $6.50 an hour, depending upon whether claimant was driving or performing classroom duties. Although claimant had accepted similar positions from Hennessy over a period of several years, he refused the

---

[1] It is not clear from the record whether the offered position was a full- or part-time position. Claimant, however, does not contend that the full- or part-time nature of the job affected his decision to refuse it.

offered employment. As a result, claimant was denied benefits by all levels of the compensation authorities. This appeal followed.

Claimant argues that, since he had necessitous and compelling reasons to refuse the job offer, the Board erred in deciding his case under Section 402(a) instead of Section 402(b)(1). We disagree.

Claimant, who proceeded pro se, has misconstrued the purposes of the two provisions. Section 402(b)(1) clearly applies only to those situations in which a claimant *who is employed* decides to voluntarily end his employment. To be eligible for benefits, the claimant's decision must have been motivated by compelling and necessitous reasons. *See, e.g., Arufo v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 555, 391 A.2d 43 (1978). Section 402(a), on the other hand, applies to those situations in which a claimant, *who is already unemployed,* refuses a suitable job referral or offer without good cause. *See, e.g., Barillaro v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 325, 387 A.2d 1324 (1978). Since claimant's circumstances plainly fall within the ambit of Section 402(a), the Board did not err in utilizing it as the basis for disqualifying claimant from receiving benefits.[2]

Claimant next contends that the Board erred in finding that he refused the proffered position because (1) he considered the 60-mile round trip commuting distance between Pottstown and his home in West

---

[2] We note that claimant's attempt to formulate the issue on appeal in the terms of Section 402(b)(1) is proper, since the phrase "necessitous and compelling reasons" has been recognized as merely another way to express the good-cause element of Section 402(a). *See, e.g., Lattanzio v. Unemployment Compensation Board of Review,* 461 Pa. 392, 336 A.2d 595 (1975) ; *Zysk v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 409, 316 A.2d 663 (1974).

Chester to be too far and (2) claimant believed he would be belittled by the teachers at Pottstown since claimant, himself a certified teacher, was employed by a driving school instead of a public school. Claimant argues that the real reason he refused the job was because he was deceived by Hennessy as to the duties he would be required to perform. It is apparent, however, that the Board, as the ultimate factfinder, *see Unemployment Compensation Board of Review v. Wright*, 21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975), did not find claimant's testimony, on this point, credible. Therefore, absent a capricious disregard of competent evidence, which we do not find, the Board's findings are binding upon us. *Brown Unemployment Compensation Case*, 194 Pa. Superior Ct. 76, 166 A.2d 100 (1960).

With regard to these findings, we agree with the Board that neither establish good cause for claimant's refusal. Although claimant alleges a transportation problem based on the cost of traveling to and from Pottstown, the record is devoid of any effort by him to investigate or overcome this problem. The failure to make such an effort displays conduct inconsistent with the desire to work and be self-supporting which is required under Section 402(a). *Gonzales v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 491, 333 A.2d 513 (1975); *Zysk, supra* note 2. See our Supreme Court's discussion of good cause in *Lattanzio, supra* note 2. Likewise, claimant's bald, unsupported allegation of actual or potential ridicule and belittlement by his fellow teaching professionals is insufficient to carry his burden on the good-cause issue. As stated in *Bentz Unemployment Compensation Case*, 190 Pa. Superior Ct. 582, 584, 155 A.2d 461, 463 (1959), "[t]he reasons for refusal of offered work must be substantial and reasonable, not arbitrary, whimsical, capricious or immaterial."

Finally, our review of the record indicates that the second element of Section 402(a), the suitability of the proffered employment, was also met. Defined in Section 4(t) of the Act, 43 P.S. §753(t), suitable work is generally understood to mean "all work which the employee is capable of performing." *Unemployment Compensation Board of Review v. Lowell*, 24 Pa. Commonwealth Ct. 309, 313, 355 A.2d 616, 618 (1976). In view of claimant's past experience at Ridley and with Hennessy in other school districts, there is no question that claimant was capable of the Pottstown assignment. Indeed, claimant does not contend that the job was beyond his skill or training but apparently is merely dissatisfied with the proposed rate of compensation. The Board found, however, that claimant was offered the prevailing wage for one in his position. Again, absent a deliberate disregard of competent evidence, which is not present, we are bound by the Board's findings. Accordingly, we enter the following

ORDER

AND Now, this 11th day of June, 1980, the order of the Unemployment Compensation Board of Review in the above captioned case, dated January 31, 1979, is affirmed.