David Davis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 16, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Raymond P. Amatangelo, Brady, Amatangelo & Baisley,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., February 7, 1983:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee denying unemployment compensation to the claimant. The claimant was denied unemployment compensation under Section 402 (a) of the Unemployment Compensation Law (Law),[1] which provides, *inter alia,* that an employee is ineligible for compensation for any week in which his unemployment is due to his failure, without good cause, to accept suitable work.

David Davis, the claimant, was last employed as a deck hand by Ohio Barge Lines, at a pay rate of seventy-five dollars ($75.00) per day. Prior to this employment with Ohio Barge the claimant had been employed by Baptist Homes as a laundry worker from September, 1971, until July, 1980, at a final pay rate of four dollars and twenty cents ($4.20) per hour. In July, 1980, the claimant left the employ of Baptist Homes to accept employment with Ohio Barge Lines. On December 13, 1980, after six months of employment with Ohio Barge, the claimant was permanently separated.

On January 25, 1981, the claimant filed an application for unemployment compensation because of his

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(a).

permanent separation from Ohio Barge. As the circumstances involved in that separation were not considered disqualifying for purposes of the Unemployment Compensation Law, the claimant received unemployment compensation for the waiting week ending January 31, 1981, through the compensable week ending March 14, 1981.

Upon learning that the claimant had been separated from his position with Ohio Barge, Baptist Homes sent the claimant a letter wherein it offered the claimant his former job with the rate of pay of four dollars and twenty cents ($4.20) per hour. The claimant refused to retake the laundry worker position, asserting that: (1) the salary was insufficient and substantially below the abilities and previous work experiences the claimant obtained while working for Ohio Barge, (2) the cost of transportation was too high for the prospective wages, and (3) the improbability of any real career advancement at Baptist Homes. On March 23, 1981, the Office of Employment Security (OES) found the claimant ineligible for benefits under the provisions of Sections 401(d)(1)[2] and 402(a) of the Law because he refused re-employment with Baptist Homes.

Upon appeal and after a hearing the referee issued a decision affirming the determination of the OES in part and reversing in part. The referee found the claimant ineligible pursuant to the provisions of section 402(a) of the Law, not under section 401(d)(1). Upon further appeal the Board issued a decision affirming the referee's decision, thereby denying unemployment compensation to the claimant pursuant to Section 402(a) of the Law.

The claimant contends that the employment offered by Baptist Homes was not suitable and that he had

[2] 43 P.S. §801(d)(1).

good cause for refusing the offer. The claimant avers that during the nine years in which he was employed by Baptist Homes, he came to realize that he had no future with Baptist Homes. He asserts that he was repeatedly overlooked for promotions and raises which were offered to persons with less seniority and experience. Additionally, he asserts that to accept the employment he would have to travel fifteen miles one way, and that his prospective wages would be negligible due to the cost of transportation. In making those arguments, the claimant directs our attention to the Board's findings of fact. The Board found that:

8. Claimant refused the job offer from Baptist Homes because he felt it did not pay well enough and there was no future in that job for him.

9. At the time claimant separated from his employment with Baptist Homes in July, 1980, he was dissatisfied with the rate of pay and he also bore some resentment over the fact that he had not received a promotion which he felt he was qualified for during the nine years he worked there.

It is a settled principle of unemployment compensation law that the terms "suitable work" and "good cause" are separate and distinct concepts which must be considered individually when determining a claimant's eligibility for unemployment compensation. *Lynch v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 159, 384 A.2d 1379 (1978). Therefore, we will address two issues on this appeal: first, whether the proffered employment was, as a matter of law, suitable work for the claimant; and second, whether the claimant had good cause to refuse the proffered employment.

Suitable work is defined in Section 4(t) of the Law, 43 P.S. §753(t), as being:

[A]ll work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence.

The claimant has the burden of proving that the work offered him was not suitable. *Eichman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 21, 409 A.2d 1389 (1980). Where the Board has ruled against the party with the burden of proof (as in this case), our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).

Upon reviewing the facts of this case in light of the criteria in Section 4(t) of the Law, we conclude that the referee and Board were legally correct in determining that the laundry worker position offered claimant was "suitable work."

The claimant's work history reveals that he worked nine years as a laundry worker before taking the position with Ohio Barge. At Ohio Barge the claimant worked for only six months. However, he contends

that the skills necessary for the laundry worker position are substantially less than the skills and work experience acquired during his employ with Ohio Barge. The gist of his argument is that he was not given a reasonable opportunity to obtain other work commensurate to the deck-hand position. Although the length of time a claimant is unemployed and the reasons therefor are factors to be considered when determining the suitability of a proffered position,[3] there is no hard and fast rule dictating how long a claimant must be unemployed before a position paying substantially less than a position previously held is deemed "suitable."

The Pennsylvania Supreme Court in *Unemployment Compensation Board of Review v. Franklin & Lindsey, Inc.*, 497 Pa. 2, 438 A.2d 590 (1981), stated that "the Unemployment Compensation Law must allow for that advancement in the work force which occurs when an individual has achieved new skills by reason of ongoing training and experience." *Id.* at 6, 438 A.2d at 592. The Supreme Court went on to hold, that where a claimant has received training and experience in a specialized field, that claimant must be given a reasonable opportunity to obtain commensurate employment before being required to accept a job in another field. In the instant case, the claimant did not prove that his employment with Ohio Barge equipped him with special skills or training that would render the laundry worker position unsuitable. The Board found that the claimant's usual occupation was that of laundry worker. We find sufficient evidence on the record to support that conclusion. It was incumbent on the claimant to show that he had acquired a new skill during his six months with Ohio Barge. When he did not present evidence to establish such a

---

[3] See Section 4(t) of the Law, 43 P.S. §753(t).

proposition, he failed to bring himself within the rule of *Franklin & Lindsey*. Furthermore, the substantial disparity between claimant's previous wages earned at Ohio Barge and the prospective wages of the proffered position with the Baptist Homes, does not, by itself, render the Baptist Homes position "unsuitable." *Eichman*.

Having concluded that the proffered employment was suitable for the claimant, we must now address the issue of whether the claimant had good cause for refusing the position with Baptist Homes. "Good cause" under Section 402 of the Law has been interpreted to be synonymous with "good faith." *Rosenberger v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 455, 376 A.2d 1018 (1977). In determining whether a claimant's failure to accept the position was without good cause, we must be aware that the reasons for refusal to accept the position must be substantial and reasonable, rather than arbitrary, whimsical, capricious or immaterial. *Lynch*. The claimant bears the burden of proving that he acted reasonably and in good faith, and that his reasons for refusing employment were substantial. *Rood v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 584, 413 A.2d 460 (1980). Regarding the distance he would have to travel to accept the employment with Baptist Homes, the claimant contends that the cost of transportation has increased. Due to the increase in the cost of transportation and the decrement in the wages to be earned, the claimant asserts that his resultant income would be negligible. He asserts that the transportation factor provided good cause for refusing the employment with Baptist Homes. Such an argument has been unsuccessfully presented before this Court on previous occasions. *See Hill v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 141, 415 A.2d 711

(1980); *Gonzales v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 491, 333 A.2d 513 (1975). This Court has held that where the record is devoid of any effort by the claimant to investigate or overcome this alleged problem, the failure to make such an effort manifests an attitude inconsistent with the desire to work and be self-supporting which is required under Section 402(a). *Id.* Furthermore, we have held that the claimant must establish that the alleged transportation inconvenience presented an unsurmountable problem. *Daley v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 629, 426 A.2d 1299 (1981). The claimant has failed to demonstrate that the distance posed an unsurmountable problem. Consequently, he failed to meet his burden of proving that he had "good cause" for refusing the proffered employment.

In accordance with the foregoing discussion, we must affirm the Board's order.

### Order

And Now, the 7th day of February, 1983, the order of the Unemployment Compensation Board of Review at Decision No. B-196168 is affirmed.