Thomas C. Levan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

508

. Submitted on briefs May 9, 1985, to Judges MAC-PHAIL, BARRY and PALLADINO, sitting as a panel of three.

*Louis M. Shucker,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge Palladino, September 6, 1985:

Thomas C. Levan (Claimant) is appealing from an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the Referee denying benefits based on the Claimant's refusal of suitable work without good cause under Section 402(a) of the Pennsylvania Unemployment Compensation Law (Law).[1]

The following is a summary of the facts, as found by the Referee and accepted by the Board. The Claimant had been employed by Knoll International (Employer) as an upholsterer and assembler at the rate of $8.99 per hour. On January 7, 1983, the Claimant was laid off and became eligible for unemployment compensation benefits. On or about April 22, 1983, the Claimant was recalled to work as a hand sander at a rate of $8.37 per hour. Prior to this, the Claimant had been recalled to work at a position which paid a higher rate than his original position. The Claimant rejected both positions stating that he believed that the recalls violated the employer's recall and seniority status policy. As a result, the Office of Employment Security terminated the Claimant's benefits. No collective bargaining agreement covering recalls and seniority status exists between the employer and employees. The Referee found and the Board accepted that the Claimant's belief that Knoll International had violated its recall policy was not sufficient to constitute good cause and thereby justify a refusal of suitable work.

When determining whether a Claimant is ineligible for benefits under Section 402(a), the issues of suitability of work and good cause must be looked at separately, as they are distinct concepts. *Lynch v. Unemployment Compensation Board of Review*, 35 Pa.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended*, 43 P.S. §802(a).

Commonwealth Ct. 159, 384 A.2d 1379 (1978). Suitability of work and good cause are questions of law, and are subject to the review of this Court. *Gettig Engineering v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 416, 473 A.2d 749 (1984).

Section 4(t) of the Law, 43 P.S. §3753(t), defines "suitable work" as:

[A]ll work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence.

It is the Claimant's burden to prove that the work offered to him was unsuitable. *Davis v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 585, 455 A.2d 747 (1983). Because there is no indication that the Board capriciously disregarded competent evidence in making its determinations, the facts of this case support the legal conclusion that the work proffered was suitable. The Claimant had been unemployed for approximately 5 months, and had already rejected a position that would have paid him at a higher rate. Although the second offer

of employment was at a lesser rate of pay, and according to the Claimant required less skill, the work was within the capabilities of the Claimant, and was consistent with his training and experience. *See Barillaro v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 325, 387 A.2d 1324 (1978). Thus, the Board was correct in concluding that the recall position constituted suitable work.

The next issue to be resolved is whether the Claimant had good cause to reject the position for which he was recalled. To constitute good cause, real and substantial reasons must be offered for refusing suitable work. *Barillaro,* 36 Pa. Commonwealth Ct. at 328, 387 A.2d at 1326. It is the Claimant's burden to show that he had good cause for the refusal. *Rood v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 584, 413 A.2d 460 (1980). Here, the Claimant states that the employer violated its recall and seniority status policies in offering him the position. The Referee found that these policies were not embodied in a collective bargaining agreement but made no finding as to whether or not the Employer had established recall and seniority status policies. The referee concluded that whether or not such policies existed or were violated is irrelevant in determining the Claimant's eligibility for unemployment benefits. We disagree.

The Pennsylvania legislature has determined that an employer's violation of its own recall policies constitutes good cause to refuse a recall. The 1980 amendment to Section 402(a) states:

However, this subsection shall not cause a disqualification of a waiting week or benefits under the following circumstances: when work is offered by his employer and he is not required to accept the offer pursuant to the

terms of the labor-management contract or agreement, *or pursuant to an established employer plan, program or policy* (emphasis added).

Pursuant to the amendment, if a claimant is recalled in violation of an established employer policy concerning seniority and recalls, and consequently would not be required to accept the recall offer, the Claimant would be eligible for benefits. In the instant case neither the referee nor the Board made any findings of fact as to whether or not an established employer policy was in existence or, if such a policy existed, whether or not it was violated. Where factual issues which may be legally determinative of a claimant's eligibility for unemployment compensation benefits are not addressed by the Board, it is not possible for this Court to perform its function of appellate review. It is thus necessary to remand to the Board to make the necessary findings of fact. *Ryan v. Unemployment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 465, 487 A.2d 1026 (1985).

Accordingly, we vacate the order of the Board and remand the case for further findings of fact on the questions of whether the Employer had an established recall and seniority status policy, and whether such policy was violated by the Employer in recalling Claimant for the proffered position.

## ORDER

AND Now, September 6, 1985, the order of the Unemployment Compensation Board of Review, No. B-221665, is hereby vacated, and this case is remanded to the Unemployment Compensation Board of Review for findings consistent with this opinion.

Jurisdiction relinquished.