522 A.2d 110

Barbara J. Simpson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*James T. Rague, Spencer, Gleason & Hebe,* for petitioner.

*Clifford F. Blaze,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 4, 1987:

A referee's decision denied Barbara J. Simpson benefits for refusing to accept an offer of suitable work without good cause.[1] Section 402(a) of the Unemployment Compensation Law.[2] The Unemployment Compensation Board of Review agreed.[3] Simpson appeals; we reverse.

Simpson, a teacher for one year in the Clearfield Area School District, was permanently furloughed on August 22, 1984. Five days later, the school district offered, and Simpson refused, a part-time tutoring position involving an estimated ten hours of work each week.[4] The Board found no just cause for Simpson's refusal.

---

[1] Simpson seeks benefits for compensable weeks ending September 8, 15, and 22, 1984.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

[3] Board Chairman Gloria Sue Westland did not concur in this decision.

[4] The referee found that Simpson "did not accept the position because of the problems with her one month old baby, the hiring of a babysitter for her two children, and the job was not worth it since she believed it was to only be ten hours a week." Finding of Fact. No. 6. The next day Simpson was sent a letter confirming the previous telephone conversation. The letter did not mention hours or salary.

Our scope of review is limited to determining whether an error of law was committed or whether a finding of fact is unsupported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). In determining eligibility under Section 402(a), this Court must separately consider whether the offered work was suitable and whether the claimant's failure to accept such work was without good cause. *Lynch v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 159, 384 A.2d 1379 (1978).

Simpson contends that the Board erred in concluding that the offer was suitable because the amount of hours and rate of pay were not established and thus no specific offer capable of acceptance was made.[5] We agree.

The referee's findings indicate that when the job was offered to Simpson, the working hours were merely estimated and there was no established pay rate.[6] This is supported by the testimony of Clythera S. Hornung[7] who offered Simpson the position. We hold that Hornung's offer, without definite hours or pay scale, was not "suitable work" commensurate with Simpson's position. Therefore, Simpson was under no obligation to accept it.

Additionally, the record discloses that Simpson was only unemployed for one week when the indefinite position was offered. We hold that her refusal is consistent

---

[5] In the alternative, Simpson contends that her refusal was for good cause. Given our disposition of this case, we need not reach that issue.

[6] Reproduced Record, p. 7.

[7] Hornung offered Simpson the position by telephone. At that time, she did not know the exact pay rate and could only give an estimate of the hours based on a somewhat similar job offered the year before.

with the well-settled standard that a reasonable opportunity must be given an unemployment compensation claimant to locate a position commensurate with her required work skills and salary level. *Gonzales v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 491, 333 A.2d 513 (1975). We hold that the Board erred as a matter of law in concluding that Simpson was offered suitable work and reverse the Board's order denying benefits.

ORDER

The Unemployment Compensation Board of Review order, No. B-238617 dated March 6, 1985, is reversed.