Thomas C. Levan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 21, 1986, before Judges MAC-PHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Louis M. Shucker,* for petitioner.

*Charles D. Donahue,* Assistant Counsel, with him, *Samuel H. Lewis,* Assistant Counsel, and *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, March 18, 1987:

Thomas C. Levan (Petitioner) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee to deny Petitioner benefits under Section 402(a) of the Pennsylvania Unemployment Compensation Law (Law).[1] We affirm.

This case was previously before this Court, *Levan v. Unemployment Compensation Board of Review*, 91 Pa. Commonwealth Ct. 507, 498 A.2d 987 (1985) *(Levan I)*. Petitioner had been laid off from his job with Knoll International (employer) and became eligible for unemployment compensation benefits. Twice he was recalled to work by employer. On both occasions he refused the position offered, claiming the recalls violated employer's recall policy. As a result, his benefits were terminated by the Office of Employment Security (OES) for refusing suitable work.

Petitioner appealed. The referee and the Board affirmed the termination of benefits on the basis that the jobs offered to Petitioner were suitable and that he did not have "good cause" to refuse. In the absence of a collective bargaining agreement, the Board concluded, "good cause" would not exist even if employer had violated its recall and seniority policies.

This Court affirmed the Board's conclusion that the work offered Petitioner was suitable. However, the Court, based on the 1980 amendment to Section 402(a) of the Law,[2] held that "if a claimant is recalled in viola-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a).

[2] The amendment states:

However, this subsection shall not cause a disqualification of a waiting week or benefits under the following circumstances: when work is offered by his employer and he is not required to accept the offer pursuant to the terms of the labor-management contract or agreement, or pursuant to an established employer plan, program or policy.

tion of an established employer policy concerning seniority and recalls, and consequently would not be required to accept the recall offer, the Claimant would be eligible for benefits." *Levan I,* 91 Pa. Commonwealth Ct. at 512, 498 A.2d at 989. The case was remanded to the Board to make findings on (1) whether there was an established employer policy in existence and (2) whether it had been violated.

On remand, the Board vacated its prior decision and concluded that Petitioner was ineligible for benefits under Section 402(a) based on the following pertinent findings:

5. On January 24, 1983 the employer instituted a recall policy known as Recall and Job Openings.

6. When the employer recalled the claimant, it complied with this recall policy.

7. The claimant did not have any good reasons not to accept suitable job offers.

It is from this denial of benefits that Petitioner is appealing. Petitioner contends that the Board's finding that employer complied with its recall policy is not supported by substantial evidence and is contrary to law.[3]

Petitioner first asserts that the referee and the Board improperly considered both of his refusals of job offers after recall because OES terminated his benefits based on only one refusal.[4] Petitioner did not object at the hearing to the introduction of evidence on the refusals

---

[3] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

[4] Employer's policy allows a laid-off employee to refuse the first recall without affecting his recall rights.

associated with both recalls. He raises the issue for the first time before this Court. Therefore, he has waived the right to have that issue considered. Pa. R.A.P. 1551(a); *Gillooly v. Unemployment Compensation Board of Review*, 76 Pa. Commonwealth Ct. 20, 462 A.2d 958 (1983).

Petitioner next asserts that since employer gave "no coherent explanation" for why Petitioner was offered a lower grade level job than a less senior employee recalled on the same day, Petitioner's testimony that he was told it was "employer prerogative" must be accepted. This, Petitioner contends, constitutes a violation of employer's written policy and good cause for refusing.

The burden is on Petitioner to establish good cause. *Davis v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 585, 455 A.2d 747 (1983). Employer's policy contains no directions on how available jobs are to be assigned to those recalled on the same day.[5] Petitioner does not contend that individuals less senior than he were recalled prior to him. Therefore, even if Employer did offer a less senior employee a higher grade level job than was offered Petitioner, it would not be a violation of employer's written policy. The Board's finding that employer complied with his re-

---

[5] Employer's policy states:

All hourly positions that become available will be processed through the job opportunity policy, as under normal circumstances. Should no qualified bidders be found within the active work force, employees who are on layoff and who have recall rights will be offered the position in seniority order. Should the most senior employee not possess the skills necessary to perform the job, a 30 day training period will be provided. If the employee is unable to adequately perform the job duties by the conclusion of that period, they will return to layoff status and the next most senior employee will be recalled.

call and seniority policy is supported by substantial evidence.

We affirm.

### ORDER

AND NOW, March 18, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.