[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE (NO. 131)
This action arises out of a slip and fall at McDonald's restaurant located at 1025 Main Street, Bridgeport, CT. Originally, plaintiff brought a one count complaint in negligence against McDonald's Corporation. Thereafter, plaintiff learned through defendant's motion for summary judgment, dated November 8, 1991, that the entity doing business at McDonald's restaurant, 1025 Main Street, is West Corporation (hereinafter "West"), a franchisee, or licensee of McDonald's Corporation. On February 18, 1992, the court (Lewis, J.) denied defendant's motion for summary judgment, and at that time, pursuant to General Statutes 52-123, granted plaintiff's motion to correct the writ, summons and complaint by citing in West as an additional defendant.
The amended writ was served upon defendant West on March 5, 1992. West filed an answer and amended special defenses on February 5, 1993. In the first special defense, West asserts contributory negligence. The second special defense alleges that plaintiff's cause of action is barred by the statute of limitations, General Statutes 52-584. CT Page 5179
On March 31, 1993, plaintiff filed a motion to strike defendant's second special defense on the ground that pursuant to General Statutes 52-123, West Corporation is considered to have been served on the date of the original writ, summons and complaint which were served on McDonald's Corporation on September 24, 1990.
Practice Book 152 provides that "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint. . . that party may do so by filing a motion to strike. . ." (Emphasis added.) "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . [and] must construe [those facts] most favorably to the plaintiff." Gordon v. Housing Authority, 208 Conn. 161, 170,491 A.2d 368 (1985).
In moving to strike defendant's second special defense, plaintiff asserts that the statute of limitations defense is not applicable as the negligence claim against West is considered to be brought on the date of the original service of the writ, summons and complaint, which was within the two year (2) limitation period. Plaintiff's motion to strike is based upon law and facts which require a legal determination as to whether the amendment relates back to the date of the original service upon McDonald's Corporation. "Such a determination is not appropriate on a motion to strike, which is limited strictly to whether a . . . [special defense] states a legally cognizable cause of action." Kelvin Corporation v. Foley,7 CTLR 64 (July 15, 1992, Lewis J.). Questions of law are not determined on a motion to strike, but are more appropriately considered on a motion for summary judgment. Id. Moreover, this is a speaking motion because plaintiff is asking this court to determine whether the granting of its previous motion to correct the writ, in accordance with General Statutes52-123, relates the amendment back to the original service. See Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182, 415 A.2d 711 (Superior Court 1979) ("alleging affirmative matter makes it the equivalent of a `speaking motion to strike,' which is not proper").
The motion to strike defendant's second special defense is denied for the foregoing reasons.
BALLEN, JUDGE CT Page 5180