**Deana E. ECK, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 22, 1994.

Decided Dec. 15, 1994.

---

Allen H. Smith, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Edward R. Lecates, for intervenor County of York.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

Deana E. Eck (claimant) appeals an order of the Unemployment Compensation Board of Review denying her claim for benefits pursuant to sections 402(a) of the Unemployment Compensation Law (Law).[1] We affirm.

The board made the following findings of fact:

1. Claimant was last employed as a clerk by the York County Sheriff's Department in the County Courthouse from August of 1991 at a final rate of $5.88 per hour, and her last day of work was April 12, 1993.

2. On April 8, 1993, the Sheriff told the claimant that she would be his Administrative Assistant/Secretary in front of approximately eight of her fellow employees. Claimant was also told that she would be getting a raise.

3. The claimant did not realize that the Sheriff was joking and informed various family and friends that she had been given a promotion.

4. On April 12, 1993, the claimant asked a fellow employee when she should move her belongings into the Sheriff's Office.

5. The fellow employee told the claimant that the Sheriff was joking.

6. The claimant became so upset that she told a fellow employee that she had to go home and then walked off the job.

7. Initially, the employer offered to create a position of Secretary to the Sheriff with an increase in pay to begin on April 13, 1993.

8. However, the claimant was too embarrassed and humiliated to take this position as Secretary to the Sheriff and called to state that she could not report to work.

9. The claimant voluntarily quit her employment on April 14, 1993, because she had been embarrassed and humiliated by the Sheriff. The claimant was informed that she could not return to work for the County for six months.

10. The claimant refused to return to work with the employees around which she was humiliated.

11. On or about April 26, 1993,[2] the claimant was then offered a position as a Secretary to the Director of Data Processing.

12. This position was half of a block to three quarters of a block from the claimant's prior office.

13. This position had a considerable pay increase to $6.90 an hour from the claimant's prior rate of pay.

14. The employer was willing to waive the requirement that the claimant could not return to work for six months.

15. The claimant refused to accept the position as Secretary to the Director of Data Processing because she allegedly would still be in contact with the Sheriff's Department.

16. The claimant would not have been in contact with the Sheriff's Department as Secretary to the Director of Data Processing.

The Job Center initially issued a determination on April 25, 1993 granting claimant benefits pursuant to section 402(b) of the Law.[3] This determination was not appealed by the York County Board of Commissioners (employer); therefore, it became final and binding after fifteen days.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(a). Section 402(a) states that an employee shall be ineligible for compensation for any week in which his unemployment is due to failure to apply for suitable work or to accept suitable work when offered to him by any employer.

2. The parties do not dispute and the board admits that the date of April 26, 1993, stated in this finding of fact, is an error on the part of the board. The correct date that claimant was offered a position by employer as the secretary to the director of data processing is May 26, 1993.

3. Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. 43 P.S. § 802(b).

On May 28, 1993, the Job Center received a letter from claimant's employer advising the Job Center that it offered claimant suitable work on May 26, 1993, which claimant refused to accept.[4] The Job Center received a follow-up letter from employer on July 22, 1993 raising the issue of claimant's continued eligibility for benefits from the date she refused employer's offer of suitable work.

In response, the Job Center issued a second determination granting claimant benefits pursuant to section 402(a) of the Law. The Job Center's determination was based on York County's policy stating that a person is not eligible for rehire until six months after leaving work and claimant's desire not to work in close proximity to the people who had humiliated her. Reproduced Record, p. 1a.

The employer appealed and, following a hearing, the referee issued a decision affirming the Job Center's determination. Thereafter, employer filed an appeal from the referee's decision with the board. On December 1, 1993, the board remanded the case to the referee, to act as hearing officer for the board, for another hearing for the purpose of establishing additional testimony regarding the merits of the case so that the board, having allowed the further appeal, would have for its consideration complete information regarding all matters at issue. Reproduced Record, p. 28a.

On February 2, 1994, the board issued a decision and order reversing the referee and denying claimant benefits under section 402(a) of the Law. The board concluded that while claimant may have had good cause to quit her employment, she did not have good cause to refuse the offer of work as Secretary to the Director of Data Processing. The board concluded further that although the sheriff's actions may have caused claimant to suffer from some embarrassment and humiliation, the board did not believe that that justified claimant's refusal to accept suitable work with other employers where she would have virtually no contact with the sheriff who had humiliated her. Claimant now appeals from the board's decision.

■ Our scope of review is limited to affirming the board's decision unless there was an error of law, a party's constitutional rights were violated, or if the necessary findings of fact are not supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987). The board is the ultimate fact finder and is entitled to make its own determination as to witness credibility and evidentiary weight. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985).

On appeal, claimant raises the following issues for our review:

1. Where a claimant had a necessitous and compelling reason to leave employment, must she return to suitable work offered by the same employer?

2. May a claimant refuse a new job offered by her former employer in violation of an established written policy of the employer which forbids rehires within six months of resignation?

3. Whether there is substantial evidence in the record to support the finding that employer had offered claimant suitable work?

4. Did employer violate the seven day rule to the prejudice of the claimant.

■ Pursuant to section 4(t) of the Law, in determining whether or not any work is suitable for an individual, consideration must be given to, *inter alia*, the degree of risk involved to a claimant's health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. 43 P.S. § 753(t). The burden is on the claimant to show that the work available was not suitable and that he had good cause for the refusal. *Rising v. Unemployment Compensation Board of Review*, 153 Pa.Commonwealth Ct. 481, 621 A.2d 1152 (1993). To constitute good cause, real and substantial reasons must be offered for refusing suitable work. *Barillaro v. Unemployment Compensation Board of Review*,

4. Section 4(t) of the Law, suitable work, provides that suitable work means all work which the employee is capable of performing. 43 P.S. § 753(t).

36 Pa.Commonwealth Ct. 325, 387 A.2d 1324 (1978).

■ First, claimant argues that if she had a necessitous and compelling reason to leave, she therefore had good cause not to return to work for the same employer. We would agree with claimant if the offer of suitable work by employer would have been a position with the Sheriff's Department where she would have daily contact with that department's employees. However, it is clear from the board's findings that while the offer of suitable work did come from her same employer, the location of the offered position was in an entirely different department, Data Processing, where claimant would not have been in contact with the Sheriff's Department.

■ Second, claimant contends that she may refuse a new job offered by her former employer where the job offer violates an established written policy of not rehiring within six months of resignation. In support of this position, claimant relies on this court's decision in *Levan v. Unemployment Compensation Board of Review,* 91 Pa.Commonwealth Ct. 507, 498 A.2d 987 (1985) (*Levan I*).

In *Levan I,* the claimant had been laid off from his job with employer and became eligible for benefits. He was recalled to work twice by employer. Claimant refused the position offered on both occasions, claiming the recalls violated his employer's recall policy. Employer utilized a recall policy wherein employees who were on layoff and who had recall rights would be offered a position in seniority order.

Initially in *Levan I,* this court opined that an employee may have good cause to refuse an offer of suitable employment if such acceptance would be in violation of an established employer policy concerning seniority and recalls. We based our reasoning on the language of section 402(a) of the Law which provides that an employee will not be ineligible for benefits if work is offered and the employee is "not required to accept the offer pursuant to the terms of the labor-management contract or agreement, or pursuant to an established employer plan, program or policy." 43 P.S. § 802(a). However, since the board did not make any findings regarding the employer's seniority and recall policies, this court remanded for further findings.

On appeal after remand, this court held that it is the claimant's burden to prove an assertion that an employer proffering employment violated its seniority and recall policies. *Levan v. Unemployment Compensation Board of Review,* 105 Pa.Commonwealth Ct. 12, 522 A.2d 1185 (1987) (*Levan II*). The court went on to hold that the claimant failed to prove how offering a less senior employee a higher grade level job than was offered to the claimant would be a violation of employer's written policy.

A review of the record shows that employer was willing to waive its policy forbidding rehiring of an individual within six months of resignation.[5] Claimant has failed to come forward with any evidence in the record which would prove that the waiver would be a violation of employer's written policy.

Unlike the employer's policy in *Levan I and II,* the employer's policy in the present situation does not govern seniority in the

---

**5.** Employer's policy provides, in part, as follows:
Effective immediately, employees who may have resigned their positions with York County Government may be considered for re-employment six (6) months after their last date of employment prior to leaving York County Government employment.
In the event an employee is rehired after a six (6) month period, the employee shall not be required to resubmit to the York County Retirement fund any contribution that they may have withdrawn from said fund. However, the employee may, consistent with the statutes and requirement of the York County Retirement Fund if eligible, elect to reimburse the fund for entitlement for previous service time relating to computation for retirement benefits.
In no event will an employee who resigns from York County, and is re-employed, be credited with prior seniority relating to benefit accrual. For example, an employee who is re-employed after leaving York County Government will be required to begin re-employment as a new employee serving a ninety (90) day probationary period and begin vacation and sick leave accrual as other recently hired employees, as well as entitlement to Health and Life Insurance benefits.
*See* Original Record, Item 5.

context of which employee would have seniority with respect to the amount of time an employee has been retained in a certain position. Employer's policy clearly indicates that the policy governs the accrual of certain employee benefits. As a result, employer's waiver in this matter would actually be to claimant's advantage as she would not lose any seniority or accrual of benefits with respect to retirement, vacation, sick, or health benefits as a result of her voluntary resignation. Accordingly, the waiver would not be in violation of employer's written policy or to claimant's detriment or prejudice.

Third, claimant argues that the board's finding that employer offered her suitable work is not based upon substantial evidence. Substantial evidence is that relevant evidence which reasonable minds might accept as adequate to support a conclusion. *Hercules, Inc. v. Unemployment Compensation Board of Review,* 146 Pa.Commonwealth Ct. 77, 604 A.2d 1159 (1992). A review of the record reveals that the board's decision is based upon substantial evidence.

Finally, claimant argues that employer did not notify the Job Center within the required seven days after making the offer of suitable work to claimant. Section 402(a) of the Law provides that in order for a claimant to be ineligible for benefits for refusing an offer of suitable work, the employer must notify the employment office of such offer within seven days after the making thereof. 43 P.S. § 802(a).

The board contends that claimant has waived this argument by failing to preserve it before the referee, the board or in its petition for review filed with this court. A review of the entire record reveals that the board is correct. Accordingly, claimant has waived the right to have her final issue reviewed on appeal. *See* Pa.R.A.P. 1513; Pa. R.A.P. 1551(a); *Gillooly v. Unemployment Compensation Board of Review,* 76 Pa.Commonwealth Ct. 20, 462 A.2d 958 (1983).

Accordingly, the order of the board is affirmed.

*ORDER*

NOW, this 15th day of December, 1994, the order of the Unemployment Compensation Board of Review, dated February 2, 1994, at No. B–321785, is affirmed.