Elizabeth Rood, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 7, 1980, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Robert C. Rowe*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.* Attorney General, for respondent.

OPINION BY JUDGE MENCER, April 17, 1980:

This appeal has been taken under provisions of the Unemployment Compensation Law (Act)[1] by Elizabeth Rood (claimant) from a denial of benefits by the Unemployment Compensation Board of Review (Board). The Board had affirmed the referee's denial of benefits. Since we agree with this result, we will affirm.

Claimant had been employed by Litton Industries, Lionville, Pennsylvania, from November 20, 1972 until September 12, 1977, at which time she was laid off for lack of work. She remained unemployed but, on May 9, 1978, she received a return-to-work call from Litton Industries. However, in March 1978, claimant decided she would move to Bethel, Pennsylvania, and live with her daughter. As of May 9, 1978, the claimant had moved one-half of her personal belongings to her daughter's residence and had made a rental payment to her daughter. Claimant, therefore, did not return to work for Litton Industries.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §751 et seq.

The Board denied benefits, based on Section 402 (a) of the Act, 43 P.S. §802(a), for a refusal by the claimant to accept suitable work. Under Section 402 of the Act, "[a]n employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, . . . to accept suitable work when offered to him . . . by any employer. . . ."

Here, no question as to the suitability of the proffered employment is raised, since it was an offer to return to claimant's former position at the same rate of pay. The issue is simply whether claimant had "good cause" for her refusal to accept the offer of reemployment.

"Good cause" has been defined as " 'some necessitous and compelling reason.' " *Wolovich Unemployment Compensation Case,* 169 Pa. Superior Ct. 356, 359, 82 A.2d 64, 65 (1951). In *Trella v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 305, 307, 309 A.2d 742, 743 (1973), the term was construed to require " 'substantial and reasonable grounds' " for refusing the proffered employment. Our Supreme Court has stated that the meaning of "good cause" must be determined in each case from the facts of that case. *Barclay White Co. v. Unemployment Compensation Board of Review,* 356 Pa. 43, 50 A.2d 336 (1947).

In cases involving the question of whether an employee had "good cause" to refuse work, the claimant bears the burden of proving that he acted reasonably and in good faith and that his reasons for refusing employment were substantial. On appeal, the evidence must be viewed in a light most favorable to the party who has prevailed below.

Accordingly, we must conclude that the Board's finding that "good cause" had not been made out by the claimant here must be upheld. Claimant owned

a home in the vicinity of the proffered employment and, although she had moved some of her personal belongings, it would have required only a change of plans for her to remain in her home and resume work at her former job. As for the initial rental payment which claimant had made to her daughter, there is nothing on this record to suggest that this money would not be returned had claimant chosen to remain in her home and return to work. Claimant only offers the initial rental payment and the moving of some of her personal belongings as justification for her refusal to return to work, and we deem that neither one nor both of these reasons are substantial and reasonable grounds for her refusal to return to work. We do not find on this record any necessitous and compelling reason to excuse claimant from accepting the suitable work offered to her. Thus, we cannot conclude that she was unemployed through no fault of her own.

In *Wolford v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 43, 47, 384 A.2d 1035, 1037 (1978), we stated:

> Thus, we have interpreted the language of Section 402(a) to require that an unemployed worker engage in the positive conduct of actively seeking new employment and of making himself as available as possible for job placement by overcoming, as far as is reasonably possible, any obstacles to his acceptance of an offer of work.

The claimant, in the instant case, failed to change her plans to move from her home to live with her daughter. Her intention to make such a move was the obstacle to her accepting the work offer which could have been reasonably overcome, making claimant available for her job placement, by a willingness to remain in her home and forego the intended move.

We cannot ignore the reality that claimant had, at most, partially moved on May 9, 1978 and was in fact yet residing in her home on that date. The reasons she gave for persisting, after May 9, 1978, in the planned move were not sufficiently substantial and reasonable to constitute ''good cause'' which would remove the ineligibility status which attaches to her by the application of the provisions of Section 402(a) of the Act.

Therefore, for the reasons stated, we make the following

ORDER

AND Now, this 17th day of April, 1980, the order of the Unemployment Compensation Board of Review, dated September 1, 1978, denying unemployment compensation benefits to Elizabeth Rood, is hereby affirmed.

President Judge BOWMAN did not participate in the decision in this case.