Sheila N. Seeherman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Jerome L. Cohen,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 6, 1981:

Petitioner (claimant) appeals from two orders of the Unemployment Compensation Board of Review (Board), consolidated for consideration in this Court, which denied her benefits for two separate claim periods. We affirm.

The same operative facts gave rise to the two claims submitted by claimant. Claimant was last employed by Israel Ben Zion Academy (employer) as a teacher's assistant in the kindergarten under a written contractual agreement for the school year 1977-1978. She had been employed there in the same capacity for the preceding five academic years. In April of 1978, employer tendered a written employment contract to

claimant for the 1978-1979 school year to be returned by May 31, 1978. Not satisfied with the contract, claimant chose not to respond to the offered contract except by initiating a series of negotiations with her employer, which continued into the middle of August, 1978, concerning possible terms of a contract for the next year. Her last day of work was June 8, 1978 at which time the school closed for summer vacation.

One appeal, 356 C.D. 1979, arises from claimant's application for unemployment benefits for three compensable weeks ending June 17, June 24, and July 1, 1978. In response to the claim, in a statement given to the Bureau (now Office) of Employment Security, employer stated that claimant had a reasonable assurance of a job for the coming year. The Board affirmed the Bureau's and referee's denial of benefits on the ground that employer had given claimant a reasonable assurance of reemployment thereby disqualifying claimant under the terms of Section 402.1(2) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* added by Section 5 of the Act of July 6, 1977, P.L. 41, *as amended,* 43 P.S. §802.1(2).

The second appeal, 1524 C.D. 1979, arose from a claim filed after claimant did not return to her position at the school for the 1978-1979 academic year. In following up employer's statement that a job was reasonably assured to her, claimant met with the principal of the school on August 21, 1978. She was then informed that her name could be placed on a list with the other applicants for the job if she so desired. She declined to allow this stating that she didn't think she should be considered a mere applicant. Claimant's application for benefits for the compensable weeks ending September 9, 1978 through January 6, 1979 was denied on the ground that she had refused suitable employment without "good cause" within the meaning of

Section 402(a) of the Act, 43 P.S. §802(a).[1] The referee and the Board affirmed.

356 C.D. 1979

Section 402.1(2) of the Act, 43 P.S. §802.1(2), provides in pertinent part:

> (2) With respect to services performed after December 31, 1977, in any other capacity for an educational institution . . . benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms.

Although the term "reasonable assurance" is not defined in the statute, this Court in *Goralski v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 39, 408 A.2d 1178 (1979) had occasion to interpret the term in connection with its substantially similar use in Section 402.1(1) of the Act, 43 P.S. §802.1(1). In *Goralski, id.* at 42, 408 A.2d at 1180, we stated that "Section 402.1(1) does not require a guarantee, but only a reasonable assurance of reemployment and the nature of what constitutes 'reasonable assurance' must be determined by the Board's examination of all the relevant facts." (Citations omitted.) We also made reference to cases dealing with analogous statutes[2] and concluded that

---

[1] The Bureau also found claimant ineligible under Section 402 (b)(1) of the Act, 43 P.S. §802(b)(1), (voluntary quit) but the referee found this determination to be erroneous and the Board so affirmed.

[2] *See* Section 203(b) of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304(note) ; *see also* Section 402 (i) of the Unemployment Compensation Law, 43 P.S. §802(i).

> there need not be a formal written or oral agreement to rehire and where there is objective evidence of mutual commitment between the teacher and employer to recall the former or where the teacher has a reasonable expectation of returning to employment in the next academic term, the Board may properly deny benefits. (Citations omitted.)

*Goralski, id.* at 41-42, 408 A.2d at 1180.

In this case, substantial evidence of record exists to support the Board's conclusion that for the compensable weeks in question claimant had been given a reasonable assurance of reemployment for the next academic year. This "assurance" came in several forms. Employer offered claimant a job through a written contract which, if accepted, would have virtually guaranteed claimant a job in the fall. Furthermore, even though claimant failed to respond affirmatively to the offered contract, employer carried out lengthy negotiations with claimant concerning her future employment. Finally, even after negotiations broke down employer asked claimant to submit her name as an applicant in order to again be considered for the position. There appears to be no lack of reassurance by employer that it would rehire claimant but only repeated rejections by claimant of reasonable conditions placed on her reemployment. The standard used in cases dealing with school personnel disqualified under Section 203(b) of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 (note) can appropriately be applied here. Because there is a lack of "some evidence to indicate the existence of a substantial reason for believing she would not be rehired . . . the claimant cannot prevail." *Louderback v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 501, 503, 409 A.2d 1198, 1199 (1980).

1524 C.D. 1979

In the second appeal presented by claimant the Board affirmed the denial of benefits on the authority of Section 402(a) of the Act, 43 P.S. §802(a), which provides that "[a]n employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause . . . to accept suitable work when offered to him . . . by any employer. . . ."

Claimant argues that employer did not offer employment but merely offered to consider claimant as an applicant. First of all, this argument ignores the fact that claimant was clearly offered her prior job in April of 1978 before the school year ended. There can be no question as to the suitability of the proffered employment because it was an offer to continue the job claimant was currently doing at an increased rate of pay. The only issue is whether claimant had "good cause" for her refusal to accept the offer of reemployment. *Rood v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 584, 586, 413 A.2d 460, 461 (1980).

In *Rood, id.* at 586, 413 A.2d at 462 we stated:

> In cases involving the question of whether an employee had 'good cause' to refuse work, the claimant bears the burden of proving that he acted reasonably and in good faith and that his reasons for refusing employment were substantial. On appeal, the evidence must be viewed in a light most favorable to the party who has prevailed below.

Claimant has not sustained this burden here. The claimant's initial reasons for not accepting the offered written contract were (1) dissatisfaction with the pay rate and (2) a desire to get a tuition discount for her

two children attending the school.[3] In view of the fact that claimant had worked at the school for the past five years and obviously found the pay and employment terms acceptable, we must conclude that the Board's determination that claimant's refusal of the offer was without "good cause", hence unreasonable, was supported by substantial evidence.[4]

Secondly, although claimant says she was merely offered consideration as an applicant and so not offered any employment outright, employer's offer to consider her as an applicant was the first step toward securing the job and should have been taken by claimant. "Discouraging a job opportunity is equivalent to refusing a job opportunity." *Unemployment Compensation Board of Review v. Pinger,* 21 Pa. Commonwealth Ct. 61, 63, 342 A.2d 781, 783 (1975). Claimant's refusal to go through the application process was clearly unreasonable in view of her long history of successful employment with employer indicating her strong chances of being selected. Claimant argues that employer's position up until August 21, 1978, that claimant was reasonably assured of a job, is contradictory to its position on and after August 21, 1978, that claimant had rejected her offer of employment and so must reapply to be considered for the job.

---

[3] Claimant also complained that the written contract although purporting to be a contract for a teacher's *assistant* had listed the rules and regulations applicable to a *teacher*. We cannot believe that this was a real obstacle to claimant's acceptance of the job because such an item could be so easily corrected if the rest of the terms were agreed upon.

[4] This conclusion is further strengthened by the fact that the record indicates claimant was eventually successful in obtaining a 10% tuition discount for her children. Although claimant complains that this concession by the school only came after she had removed her children from the school, it does indicate the school's substantial efforts in attempting to retain her services. It also makes her inability to come to terms with employer all the more unreasonable.

These positions do not appear contradictory to us but rather appear to be employer's reasonable reaction to a breakdown in employee-employer contract negotiations coupled with the pressures of hiring a full staff in time for the start of the school year.

Accordingly, we will affirm the Board's denial of benefits and enter the following

### ORDER

AND Now, January 6, 1981, the orders of the Unemployment Compensation Board of Review at Decision No. B-165508-B dated January 18, 1979 and Decision No. B-174002 dated July 13, 1979 are hereby affirmed.