609 A.2d 596

**BOARD OF EDUCATION, SCHOOL DISTRICT OF PHILADELPHIA, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent. (Fifteen Cases)**

Commonwealth Court of Pennsylvania.

Argued Nov. 20, 1991.

Decided May 6, 1992.

656

Robert H. Nuttall, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, for respondent.

Ralph J. Teti, for intervenors.

Stewart L. Knade, for amicus curiae, PA School Boards Ass'n.

Before CRAIG, President Judge, and COLINS, PALLADINO, McGINLEY, SMITH, PELLEGRINI, and KELLEY, JJ.

PALLADINO, Judge.

The Board of Education of the School District of Philadelphia (District) appeals orders of the Unemployment Compensation Board of Review (Board) which granted unemployment compensation benefits for summer vacation periods to fourteen substitute teachers (Claimants) employed by the District. We reverse except as to the orders granting benefits for summer vacation periods to two Claimants who had been receiving benefits prior to the commencement of the summer vacation periods in question.

At the beginning of the 1988–1989 academic year, Claimants were employed by District as per diem substitute teachers.[1] Board's fact-findings 3 and 5. During the

1. The facts recited herein stem from the Board's August 9, 1990 decision and order, R. 109a, concerning Cynthia Lee whose employ-

course of the 1988–1989 academic year, Claimants became long-term substitute teachers and remained long-term substitute teachers until the close of the 1988–1989 academic year (June 30, 1989). Board's fact-findings 1 and 4. Pursuant to District's employment policy, at the close of the 1988–1989 academic year (June 30, 1989), Claimants again became per diem substitute teachers. Board's fact-finding 5. Claimants' June 30, 1989 separation from employment with the District was occasioned by the summer vacation period between academic years. Board's fact-finding 2. On July 16, 1989, Claimants applied for unemployment compensation benefits for the school summer vacation period between academic years 1988–1989 and 1989–1990. Board's fact-finding 7. The Board awarded benefits to all Claimants, and District appealed.

### I. Reasonable Assurance of Employment for Claimants Other than Carolyn Outen.

■ Section 402.1(1) of the Unemployment Compensation Law (Law)[2] disqualifies a claimant from receiving unemployment compensation benefits for a school summer vacation period between successive academic years when the claimant has been employed in an instructional, research or principal administrative capacity for an educational institution in the first of the two academic years and, for the academic year immediately after the summer vacation period, the claimant has a reasonable assurance of employment with an educational institution "in any such capacity" as that phrase is defined within the context of section 402.1(1).

In pertinent part, section 402.1(1) states:

With respect to service performed after December 31, 1977, *in an instructional, research, or principal ad-*

ment compensation claim at B–89–1–I–555 the parties have stipulated is representative of the facts underlying the consolidated appeals before this court. District's Brief at 4; Intervenors' (Claimants') Brief at 3.

2. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802.1(1), added by the Act of July 6, 1977, P.L. 41, *as amended.*

*ministrative capacity for an educational institution,* benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years ... to any individual if such individual performs such services in the first of such academic years ... and if there is a contract or a *reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years....*

(Emphasis added.)

The Board determined that Claimants "had reasonable assurance of returning to work in the Fall of 1989 as a per diem substitute teacher but not as a long-term substitute teacher." Board's fact-finding 6.[3] Therefore, the Board concluded that, pursuant to section 402.1(1) of the Law, Claimants were eligible for benefits during the summer vacation period between academic years because Claimants were long-term substitute teachers who lacked a reasonable assurance of employment "in any such capacity" (i.e., the capacity of long-term substitute teacher) in the academic year following the summer vacation period.

■ On appeal, District challenges the Board's conclusion that the reasonable employment assurance requirement of section 402.1(1) of the Law was not satisfied by Claimants' having a reasonable assurance of employment as per diem substitute teachers in the next academic year.[4] Specifically, District contests the Board's interpretation of the section 402.1(1) phrase "in any such capacity" as that phrase ap-

3. The Board found that Claimant Carolyn Outen lacked a reasonable assurance of employment in the next academic year. See separate discussion of Claimant Carolyn Outen at section II of this opinion.

4. Where, as here, both the claimant and the employer have presented evidence in an unemployment compensation proceeding, our scope of review is limited to ascertaining whether constitutional rights were violated or the Board committed an error of law or made necessary fact-findings unsupported by substantial evidence of record. *Lautek Corp. v. Unemployment Compensation Board of Review,* 138 Pa.Commonwealth Ct. 547, 588 A.2d 1007 (1991).

plies to a reasonable assurance of employment for the purposes of section 402.1(1).

We have consistently explained that a reasonable assurance under section 402.1(1) does not constitute an absolute guarantee of employment in the second academic year. *Perry v. Unemployment Compensation Board of Review*, 82 Pa.Commonwealth Ct. 557, 475 A.2d 950 (1984). The existence of a reasonable assurance of employment for the succeeding academic year must be determined from the coalescence of relevant factors including whether claimant has a history of reemployment with an educational institution, whether an educational institution has offered to place or has actually placed claimant's name on an employee list for the next academic year and has communicated its offer or its action to claimant, and whether claimant is likely to be called as an employee in the following academic year. *McCuen v. Unemployment Compensation Board of Review*, 87 Pa.Commonwealth Ct. 65, 486 A.2d 552 (1985); *Perry; Bornstein v. Unemployment Compensation Board of Review*, 69 Pa.Commonwealth Ct. 521, 451 A.2d 1053 (1982); *Goralski v. Unemployment Compensation Board of Review*, 48 Pa.Commonwealth Ct. 39, 408 A.2d 1178 (1979). A reasonable assurance may be premised upon an educational institution's formal written or oral agreement to employ a claimant in the next academic year, objective evidence of a commitment between a claimant and an educational institution to employ the claimant in the next academic year, or a claimant's otherwise legitimate expectation of employment in the next academic year. *McCuen; Bornstein; Goralski.*

Moreover, for a claimant to be disqualified under section 402.1(1) from receiving unemployment compensation benefits for a school summer vacation period between successive academic years, the reasonable assurance of employment must be *"in any such capacity* for any educational institution in the second of such academic years." *Id.* (emphasis added). The Board interpreted the phrase "in any such capacity" to mean that a claimant must have a

reasonable assurance for the next academic year of employment with an educational institution in the *same* capacity in which the claimant worked for an educational institution in the immediately preceding academic year. In *Neshaminy School District v. Unemployment Compensation Review Board,* 57 Pa.Commonwealth Ct. 543, 426 A.2d 1245 (1981), the commonwealth court held that section 402.1(1) of the Law does not require a reasonable assurance of employment in an identical capacity in two successive academic years, and we continue to do so.

■ Section 402.1(1) consists of one, long sentence. The phrase "in any such capacity" appears in the second half of section 402.1(1)'s sentence and has, as its logical and only possible antecedent, the phrase "in an instructional, research, or principal administrative capacity" which appears in the first half of section 402.1(1)'s sentence. Therefore, when in the first of two successive academic years, a claimant has been employed by an educational institution in one of the three capacities (instructional, research or principal administrative) enumerated in section 402.1(1) and has a reasonable assurance of employment by an educational institution in any one of those three capacities in the second successive academic year, the claimant has a reasonable assurance of employment "in any such capacity" within the meaning of section 402.1(1). *Neshaminy School District.*

Some examples will help clarify our interpretation of the phrase "in any such capacity." If a claimant has been employed as a school teacher in the first of two successive academic years and has a reasonable assurance of employment as a school principal in the second of the two successive academic years, the claimant possesses a reasonable assurance of employment in one of the three capacities (principal administrative) enumerated in section 402.1(1). Thus, the claimant is not eligible for unemployment compensation benefits during the summer vacation period between academic years because the claimant has a reasonable assurance of employment "in any such capacity" within the intendment of section 402.1(1) for the second academic year.

Similarly, where a claimant has been a long-term substitute school teacher in the prior academic year and has a reasonable assurance of employment as a per diem substitute teacher in the succeeding academic year, the claimant possesses a reasonable assurance of employment in one of the three capacities (instructional capacity) designated in section 402.1(1). *Neshaminy School District.* Accordingly, the claimant is ineligible for benefits during the summer vacation period between academic years because the claimant has a reasonable assurance of employment "in any such capacity" within the intendment of section 402.1(1) for the second academic year. *Neshaminy School District.*

We conclude that our analysis in *Neshaminy School District* governs the resolution of the present appeals. Unquestionably, Claimants had a reasonable assurance of employment in the next academic year. In June of 1989, Claimants received letters from District which informed Claimants that at the end of the current academic year, their status would revert from long-term substitute teachers to per diem substitute teachers and that District would offer Claimants employment as per diem substitute teachers in the next academic year in accordance with the terms of District's collective bargaining agreement with teachers employed by District. R. 14a and 44a. Furthermore, in June of 1989, Claimants received letters advising that Claimants' names would appear on the active per diem substitute teacher list for the next academic year if Claimants completed the form at the bottom portion of the letters and returned the completed form to District by July 14, 1989, to indicate that they continued to be available for work as per diem substitute teachers. R. 42a–43a and 51a. The letters requesting Claimants' availability for per diem substitute work in the next academic year contained the following declaration: "There is reasonable assurance that you will have the same opportunity to perform per diem services in the 1989–1990 school year as during the past year." R. 51a. Claimants timely completed, signed, dated, and mailed the forms to District and stated in the forms

that they were available for employment in academic year 1989–1990 as per diem substitute teachers. R. 16a and 43a. In Claimants' Summary of Interview form filed on July 18, 1989, with the Office of Employment Security to seek unemployment compensation benefits for the summer vacation period between academic years 1988–1989 and 1989–1990, Claimants stated that they had a reasonable assurance of returning to work when school reopened in the 1989–1990 academic year. R. 10a. Additionally, Claimants had a history of reemployment by District as per diem substitute teachers in each successive academic year dating from 1984. Board's fact-findings 3, 4, 5, and 6; R. 43a and 46a–47a.

Consequently, like the claimant in *Neshaminy School District*, Claimants in the present appeals were long-term substitute school teachers during the first of two successive academic years and had a reasonable assurance of employment as per diem substitute school teachers in the second of the two successive academic years. Claimants' reasonable assurance of employment as per diem substitute school teachers was a reasonable assurance of employment in an instructional capacity (i.e., one of the three capacities enumerated in section 402.1(1)). Therefore, like the claimant in *Neshaminy School District*, Claimants had a reasonable assurance of performing services in the next academic year for an educational institution "in any such capacity" within the meaning of section 402.1(1) and were ineligible for unemployment compensation benefits for the summer vacation period between the two successive academic years. For this reason, we reverse the Board's orders which granted benefits to Claimants Beverly Crawford (2439 C.D.1990), Michelle Goldberg (2600 C.D.1990), Donna Jason (2437 C.D. 1990), Joseph Kutrzyba (2279 C.D.1990), Linda Novack (2447 C.D.1990), Antoinette Pollard (1886 C.D.1990), Cheryl Russell (2536 C.D.1990), Mark Snyderman (2534 C.D.1990), Helene Spicer (2538 C.D.1990), Marsha Suber (2535 C.D. 1990), and Eric Weisman (2537 C.D.1990).

## II. Claimant Carolyn Outen's Rejection of Reasonable Assurance of Employment.

■ Like the other Claimants, Claimant Carolyn Outen was a long-term substitute teacher who, at the end of the first academic year, received letters from District which advised her that, upon District's timely receipt of her written consent, her name would be placed on District's per diem substitute teacher list for the following academic year. Claimant Outen chose not to send District a completed form indicating her availability as a substitute teacher for the next academic year. Based on Claimant Outen's rejection of District's offer of a reasonable assurance of employment for the next academic year, the Board determined that Claimant Outen lacked a reasonable assurance of employment for the next academic year and thus was not disqualified from receiving unemployment compensation benefits pursuant to section 402.1(1). Board's order at B–285451; R. 119a.

■ Our preceding reasonable assurance analysis in section I of this opinion applies equally to Claimant Outen's situation and convinces us that Claimant Outen had a reasonable assurance of employment in one of section 402.-1(1)'s three enumerated capacities (instructional) for the second successive academic year. As we noted in section I, a claimant's reasonable expectation of employment in the next academic year may be premised upon the unilateral actions of an educational institution as long as the claimant is aware of those actions. For example, in *Goralski*, the commonwealth court ruled that a claimant was rendered ineligible for unemployment compensation benefits pursuant to section 402.1(1) where a school district had notified the claimant that the claimant's name was being placed on the district's substitute teacher list for the next academic year (1978–1979) and the claimant "had no basis to believe that she would not be placed on [two other school districts'] substitute lists for the 1978–79 terms as had been past practice." *Goralski*, 48 Pa.Commonwealth Ct. at 42, 408 A.2d at 1180.

Furthermore, in *Seeherman v. Unemployment Compensation Board of Review*, 55 Pa.Commonwealth Ct. 643, 423 A.2d 1129 (1981), the commonwealth court concluded that an educational institution had provided a claimant with a reasonable assurance of employment for the next academic year despite claimant's failure to accept the proffered reasonable assurance of employment. In *Seeherman*, the relevant facts regarding the claimant's reasonable assurance of employment were as follows:

> Employer offered claimant a job through a written contract which, *if accepted*, would have virtually guaranteed claimant a job in the fall. Furthermore, even though *claimant failed to respond affirmatively to the offered contract*, employer carried out lengthy negotiations with claimant concerning her future employment. Finally, even after negotiations broke down employer asked claimant to submit her name as an applicant in order to again be considered for the position. There appears to be no lack of reassurance by employer that it would rehire claimant but only *repeated rejections by claimant* of reasonable conditions placed on her reemployment.

*Id.*, 55 Pa.Commonwealth Ct. at 647, 423 A.2d at 1131 (emphasis added). In denying benefits to claimant, the commonwealth court explained that "[b]ecause there is a lack of 'some evidence to indicate the existence of a substantial reason for believing she would not be rehired ... the claimant cannot prevail.'" *Id.*, 55 Pa.Commonwealth Ct. at 647, 423 A.2d at 1131 (quoting *Louderback v. Unemployment Compensation Board of Review*, 48 Pa.Commonwealth Ct. 501, 503, 409 A.2d 1198, 1199 (1980)).

■ Having reexamined our analyses in *Seeherman* and *Goralski* vis-a-vis the statutory wording of section 402.1(1), we reiterate that section 402.1(1) disqualifies a claimant from receiving unemployment compensation benefits for a summer vacation period between two successive academic years when the claimant has himself defeated his legitimate expectation of employment in the next academic year by refusing an educational institution's reasonable assurance of employment for that academic year in one of the three

capacities (instructional, research or principal administrative) enumerated in section 402.1(1). Our holding is consistent with the clear legislative intent expressed in section 3 of the Law, 43 P.S. § 752, which states that the purpose of the Law " 'is to aid those individuals who, *through no fault of their own*, face the grim prospect of unemployment.' " *Penn Hills School District v. Unemployment Compensation Board of Review,* 496 Pa. 620, 624, 437 A.2d 1213, 1215 (1981) (emphasis added) (quoting *Richards v. Unemployment Compensation Board of Review,* 491 Pa. 162, 169, 420 A.2d 391, 395 (1980)).

Like the claimant in *Seeherman,* Claimant Outen rejected an educational institution's reasonable assurance of employment for the next academic year in one of the capacities (instructional) enumerated in section 402.1(1). From March of 1987 to June 21, 1990, District gave Claimant Outen full-time employment as a long-term substitute teacher. Board's fact-findings 1 and 2; R. 119a. District offered Claimant Outen a per diem substitute teacher position in the following academic year (1990–1991) and asked that Claimant Outen indicate her availability as a per diem substitute teacher in the next academic year by sending District a completed written form. Board's fact-findings 3 and 4; R. 119a. Claimant Outen "did not return the form because she was not interested in returning as a per diem substitute teacher." Board's fact-finding 5; R. 119a. On June 24, 1990, Claimant Outen filed an application for unemployment compensation benefits. Board's fact-finding 6; R. 119a.

We conclude that our decision in *Seeherman* controls our disposition of District's appeal regarding Claimant Outen. Claimant Outen's reasonable assurance of employment as a per diem substitute teacher was a reasonable assurance of employment in an instructional capacity (i.e., one of the three capacities designated in section 402.1(1)). Therefore, Claimant Outen was ineligible for unemployment compensation benefits for the summer vacation period between the two successive academic years. For this reason, we reverse

the Board's order which granted unemployment compensation benefits to Claimant Outen (2438 C.D.1990).

### III. Weirich/Haynes Exception for Continuing Benefits Being Received.

Claimants Cynthia Lee[5] and Donna DeVore also sought unemployment compensation benefits for a school summer vacation period between two successive academic years although they had been employed in one of section 402.1(1)'s three enumerated capacities (instructional) in the first academic year and possessed a reasonable assurance of reemployment with an educational institution in one of section 402.1(1)'s three enumerated capacities (instructional) for the second academic year. Because Claimants Lee and DeVore had been receiving benefits prior to the commencement of the summer vacation periods in question, the Board relied upon *Weirich v. Unemployment Compensation Board of Review*, 90 Pa.Commonwealth Ct. 528, 496 A.2d 97 (1985),[6] and *Haynes v. Unemployment Compensation Board of Review*, 65 Pa.Commonwealth Ct. 541, 442 A.2d 1232 (1982),[7] to award unemployment compensation benefits for the summer vacation period.

5. Claimant Cynthia Lee filed two distinct applications for unemployment compensation benefits. The discussion in section III of this opinion concerns the Board's November 27, 1990 order regarding Claimant Lee's unemployment compensation claim at B-90-1-I-452 which sought benefits for the school summer vacation period between academic years 1989–1990 and 1990–1991.

6. *Weirich* involved section 402.1(1) of the Law concerning summer vacation periods between successive academic years.

7. *Haynes* involved section 402.1(3) of the Law concerning holiday periods within an academic year. Section 402.1(3) states in pertinent part:

With respect to any services described in clause (1) ..., benefits payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performed such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

In a line of cases stemming from *Weirich* and *Haynes*, the commonwealth court has declared that, despite a claimant's having an educational institution's reasonable assurance of reemployment in one of the three capacities enumerated in section 402.1(1) in the academic year or term immediately after a school summer vacation or school holiday period, a claimant is eligible for benefits corresponding to a summer vacation period between successive academic years or to a holiday period within an academic year as long as the claimant is already receiving unemployment compensation benefits before the occurrence of the school summer vacation or school holiday period.

In each case we permitted an exception to the statutory rule [of section 402.1] based on our disbelief that the legislature when it enacted Section 402.1 meant to include the subject claimants within the rule's broad coverage. The rule was established to preclude receipt of benefits by school employees who, during holidays and summer recesses, are unemployed but, because they can plan for those occasional periods of unemployment, are not truly experiencing the suffering the Unemployment Compensation Law was meant to alleviate. We reasoned in *Haynes, Weirich,* and *Snow* [*v. Unemployment Compensation Board of Review,* 95 Pa.Commonwealth Ct. 259, 505 A.2d 383 (1986), *petition for allowance of appeal denied,* 516 Pa. 637, 533 A.2d 95 (1987)], however, that the subject claimants were just as 'unemployed' (meaning that their earnings as substitutes were not significant enough to prevent their receipt of unemployment compensation) before and after the holidays and recesses as long as they continued to be financially eligible (meaning sufficient base year wages calculated by adding the wages earned in the first four of the five calendar quarters preceding the date of the application for benefits).

*West Greene School District v. Unemployment Compensation Board of Review,* 112 Pa.Commonwealth Ct. 334, 339–40, 535 A.2d 697, 699–700 (1988) (quoting *Reskowski v.*

*Unemployment Compensation Board of Review,* 95 Pa.Commonwealth Ct. 280, 284, 505 A.2d 380, 382 (1986), *allowance of appeal denied,* November 18, (1986)).

Consequently, inasmuch as the Board correctly applied the holdings in *Weirich* and *Haynes* to the claim petitions of Cynthia Lee (B–90–1–I–452) and Donna DeVore, we affirm the Board's award of benefits to Claimants Cynthia Lee (2599 C.D.1990) and Donna DeVore (453 C.D.1991).

## IV. Conclusion.

We affirm the Board's November 27, 1990 order at B–90–1–I–452 regarding Claimant Cynthia Lee and the Board's February 12, 1991 order at B–90–1–K–712 regarding Donna DeVore. We reverse the Board's remaining orders involved in the consolidated appeals now before this court.

## ORDER

AND NOW, May 6, 1992, the orders of the Unemployment Compensation Board of Review in the above-captioned cases at 2599 C.D.1990 and 453 C.D.1991 are hereby affirmed, and the orders of the Unemployment Compensation Board of Review in the remaining above-captioned cases are hereby reversed.

SMITH, J., joins as to the reversal and dissents and wishes to be so noted as to No. 2599 C.D.1990 and No. 453 C.D.1991.