# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason O. McCune,            :
              Petitioner      :
                               :
           v.              :    No. 28 C.D. 2018
                               :    Argued: October 16, 2018
Unemployment Compensation     :
Board of Review,                :
              Respondent    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY SENIOR JUDGE COLINS**               **FILED: November 27, 2018**

Jason O. McCune (Claimant) petitions for review of an adjudication by the Unemployment Compensation Board of Review (Board) denying his claim for unemployment compensation benefits. The Board, affirming the decision of the Referee, found that Claimant's employer, Point Park University (Employer) gave him reasonable assurance of a teaching assignment for the Fall semester, rendering him ineligible for unemployment compensation. We affirm.

Claimant filed for unemployment compensation benefits on May 7, 2017. The Department of Labor and Industry (Department) issued a determination denying benefits under Section 402.1(1) of the Unemployment Compensation Law

(Law). [1] Claimant appealed, and a hearing was held before a Referee on July 21, 2017. Claimant and Employer's Vice President for Human Resources (HR Vice President) appeared at the hearing, both represented by counsel.

The facts are best set forth in the Referee's findings of fact, which were adopted and incorporated by the Board, as follows:

1. The claimant has worked for Point Park University since January of 2009 as an Associate Professor, part-time, one to three courses, at a pay rate of $876.00 per credit hour.

2. For the claimant's most recent contract, he worked from January 9, 2017 until his last day of work, April 28, 2017.

3. In the Spring of 2017, the employer informed the claimant that he was scheduled to teach three courses starting August 28, 2017, and that the pay rate had gone up to $920.00 per credit.

4. The claimant has not received a contract for the Fall term of 2017 at the present time.

5. The employer typically does not issue contracts to part-time faculty until just before the beginning of classes for the Fall term.

6. The claimant was scheduled to teach classes over the summer of 2017, but these classes were cancelled.

7. The employer does not have as many classes over the summer as it does during the Fall and Spring terms,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, section 402.1(1), added by Act of July 6, P.L. 41, 43 P.S. § 802.1(1).

nor does it have as many students over the summer as it has during the Fall and Spring terms.

8. Some of the students who attend the university in the summer take only one class, rather than being full-time.

9. The claimant has consistently worked during the Fall and Spring terms for the University.

(Record (R.) Item 12, Referee's Decision and Order, Findings of Fact (F.F.) ¶¶ 1-9; R. Item 19, Board's Order.)

At the hearing, the HR Vice President testified that from 2009 through Spring 2017, Claimant consistently worked in the Fall and Spring Terms, as well as during one Summer Term, teaching courses in the Conservatory of Performing Arts as well as in the School of Arts and Sciences. (R. Item 11, Referee's Hearing: Transcript of Testimony (H.T.) at 6-7.) She indicated that Claimant was presently scheduled to teach three courses in Fall 2017, for which he would receive an increased pay rate of $920 per credit pursuant to the faculty's collective bargaining agreement (CBA). (H.T. at 8-9.) She testified that when Employer prepares and disseminates its course listings for student registration, the list identifies the part-time faculty members who are assigned to teach those courses. (H.T. at 11.) The HR Vice President also stated that Claimant had not yet been given a contract for the Fall Term because Employer does not send out such contracts until one week before classes commence. (*Id.*) She testified that she was familiar with the contents of the CBA and confirmed that the CBA indicates both that designation as a course instructor in the course listings does not constitute an appointment, and that an appointment for a given term does not create a right to further appointment beyond that term. (H.T. at 12.) She also stated that the course listings for the Fall

3

Term of 2017 were available to Claimant, as well as to students, in early April 2017. (H.T. at 13.)

Claimant testified that in Spring 2017, he was asked whether he was available to teach in the upcoming Fall 2017 semester, and acknowledged that he informed the Department Head that he was available to teach. (H.T. at 18.) He testified that he had not as of yet looked for employment for the Fall 2017 Term. (*Id*.) Claimant denied that as of April 2017 he had been listed to teach three classes, and stated that he was aware only that he was scheduled to teach a class he identified as "University 101." (*Id*.) He stated that he was unaware that his name was printed on anything, and stated that having his name printed on the course listing in the past "hadn't meant anything." (*Id*.)

The Referee affirmed the determination of the Department, finding that Employer provided Claimant with reasonable assurance that he would be teaching in Fall 2017. Because Employer had provided reasonable assurance of a teaching position, Claimant was found ineligible for benefits. Claimant appealed the Referee's decision, and the Board affirmed. Claimant now petitions this Court for review.[2]

On appeal, Claimant argues that the Board's conclusion was not supported by substantial evidence and that the Board used an incorrect legal standard in determining that he had received reasonable assurance, failing to

---

[2] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact were supported by substantial evidence. *Archie v. Unemployment Compensation Board of Review*, 897 A.2d 1, 6 n.4 (Pa. Cmwlth. 2006).

review all relevant facts and relying solely on Claimant's prior employment history. While acknowledging that a guarantee of future employment is not required in order to render a claimant ineligible for benefits, Claimant asserts that the Board totally ignored the language set forth in the CBA, the Adjunct Faculty Handbook, and Claimant's previous contracts, indicating that listing a course in the schedule of classes does not constitute an appointment and that hiring a faculty member for one semester does not imply a commitment by Employer to hire that faculty member for any subsequent semester.

Section 402.1(1) of the Law bars an instructional employee in an educational institution from receiving unemployment compensation benefits between successive academic years or terms,

> if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

43 P.S. § 802.1(1). The Law does not define "reasonable assurance;" however, the Department has provided guidance as to its meaning in its regulations in Section 65.161 of Title 34 of the Pennsylvania Code, which sets forth a two-part test. This test, known as the "economic equivalency test," provides as follows:

(a) For purposes of section 402.1 of the law, contract or reasonable assurance that an individual will perform services in the second academic period exists if both of the following conditions are met:

(1) The educational institution or educational service agency provides a bona fide offer of employment for the second academic period to the individual.

5

> (2) The economic terms and conditions of the employment offered to the individual for the second academic period are not substantially less than the terms and conditions of the individual's employment in the first academic period.

34 Pa. Code § 65.161(a). The regulations further provide that an offer is not "bona fide" if both of the following conditions exist:

> (1) The educational institution or educational service agency does not control the circumstances under which the individual would be employed.
>
> (2) The educational institution or educational service agency cannot provide evidence that the individual or similarly suited individuals normally perform services in the second academic period.

34 Pa. Code § 65.161(b). This Court has consistently explained that "reasonable assurance" does not require the employer to give an absolute guarantee of employment in the second academic year. *See* e.g., *Board of Education, School District of Philadelphia v. Unemployment Compensation Board of Review*, 609 A.2d 596, 599 (Pa. Cmwlth. 1992). The existence of "reasonable assurance" is marked by "some evidence of mutual commitment or assurance between the teacher and employer to recall the former, so that the teacher can be said to have a reasonable expectation of returning to employment in the next term." *Bornstein v. Unemployment Compensation Board of Review*, 451 A.2d 1053, 1054-1055 (Pa. Cmwlth. 1982) (quoting *Aronson v. Unemployment Compensation Board of Review*, 424 A.2d 972, 973 (Pa. Cmwlth. 1981)). *See also Glassmire v. Unemployment Compensation Board of Review*, 856 A.2d 269, 273 (Pa. Cmwlth. 1993). We have stated that when determining if there was a reasonable assurance

of employment, we must consider relevant factors such as "whether claimant has a history of reemployment with an educational institution, whether an educational institution has offered to place or has actually placed claimant's name on an employee list for the next academic year and has communicated its offer or its action to claimant, and whether claimant is likely to be called as an employee in the following academic year." *School District of Philadelphia,* 609 A.2d at 599.

Here, the Board adopted and incorporated in its decision the findings and conclusions of the Referee, which included, *inter alia*, the specific findings that Claimant had a significant and uninterrupted employment history with Employer and that he had been informed by Employer that he was scheduled to teach three classes in Fall 2017 as well as the rate at which he would be paid for each course credit. Claimant admitted that Employer had expressly asked him whether he was available to teach in Fall 2017.

The Board made clear that it had considered the entire record in this matter, including the CBA, and concluded that the evidence demonstrated that Claimant had reasonable assurance of employment during the Fall 2017 term. The Board affirmed the decision of the Referee based on the totality of evidence; it did so fully cognizant that, pursuant to Employer's employment contracts, the CBA and the Adjunct Faculty Handbook, all record evidence, the naming of an individual on a course listing does not constitute a guarantee of employment. Questions of credibility, resolutions of conflicts in the evidence presented, and the weight to be given evidence are matters for the Board, as the ultimate factfinder, to resolve. *Archie v. Unemployment Compensation Board of Review*, 897 A.2d 1, 1 n.4 (Pa. Cmwlth. 2006). The Board had substantial evidence to support its finding

7

that Claimant had, not a guarantee, but a reasonable assurance of employment. We will not disturb that finding.[3] Accordingly, the order of the Board is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

---

[3] Claimant also asserts that the Board has ignored our precedent in *Lock Haven University v. Unemployment Compensation Board of Review*, 559 A.2d 1015 (Pa. Cmwlth. 1989). We conclude that *Lock Haven* is inapposite. In *Lock Haven*, a case involving a university counselor who was found to be entitled to benefits, we upheld the decision of the Board to place more weight on clear termination language in the claimant's contract than on her employment history. However, in that case, we noted the additional relevant facts that the educational institution was subject to an arbitrator's award that required it to offer the claimant's position to retrenchees, who were accorded preferential hiring status, and a notification by letter to claimant reminding her of that obligation as well as the institution's reliance on adequate Act 101 funding. There, we reiterated our previous ruling that the question of whether a claimant has a reasonable assurance of returning to work is one for the Board to decide, after examining all the relevant facts. *Lock Haven*, 559 A.2d at 1018.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jason O. McCune,                                :
                           Petitioner            :
                                                :
                    v.                          :       No. 28 C.D. 2018
                                                :
Unemployment Compensation              :
Board of Review,                               :
                           Respondent           :

# **O R D E R**

AND NOW, this 27th day of November, 2018, the order of the Unemployment Compensation Board of Review in this matter is hereby AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge