# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan Cairns,                                  :
                              Petitioner       :
                                               :
            v.                                 :     No. 336 C.D. 2022
                                               :     SUBMITTED:  December 2, 2022
Unemployment Compensation                      :
Board of Review,                               :
                              Respondent       :


BEFORE:     HONORABLE ANNE E. COVEY, Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  August 15, 2023**


            Susan Cairns, Claimant, petitions *pro se* from the decision and order of

the Unemployment Compensation Board of Review affirming as modified the

decision of the referee and denying benefits for weeks ending August 15, 2020,

through September 5, 2020.[1]  Claimant, by profession a teacher, was denied benefits

under Section 402.1(1) of the Unemployment Compensation Law, Act of December

---

[1] The Board's decision states that its denial of benefits "does not apply to any week that commences after the start of the employer's new academic year on September 8, 2020."  [Bd. Decision at 3 (emphasis omitted).]  The Board's decision further states that "[t]he Department [of Labor & Industry] should investigate [C]laimant's eligibility for benefits under Section 402(a) of the Law, [Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(a),] which concerns the refusal of an offer of suitable work, beginning with the week ending September 12, 2020."  [*Id.* (emphasis omitted).]  Thus, as the claim was filed on August 9, 2020, all that is before us is the period of denied benefits for the four weeks ending between August 15 and September 5, 2020.

5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* added by the Act of July 6, 1977, P.L. 41, 43 P.S. § 802.1(1). We vacate the Board's order and remand.

The facts as found by the Board are as follows. As discussed below, of import is an inconsistency in the Board's Findings of Fact 1 through 3:

> 1. The [C]laimant was last employed *as a per diem substitute teacher* by the Bensalem Township School District from August 19, 2019, *and her last day of work was June 15, 2020*.
>
> 2. Although the [C]laimant was hired as a per diem substitute, *she was offered and accepted a long-term substitute teacher's position for the entire 2019-2020 academic year* teaching high school English for children who needed learning support.
>
> 3. The [C]laimant's *last day of work was June 15, 2020, because that was the end of the employer's academic year*.

[Bd. Decision, Findings of Fact "F.F." 1-3 (emphasis added).] Although very satisfied with Claimant's work, the District did not provide Claimant with a letter of reasonable assurance for the upcoming 2020-2021 academic year at the end of the 2019-2020 academic year. Claimant applied for and interviewed for a permanent elementary school position but was not offered that job.

In mid-July 2020, the District learned that it would need a long-term substitute teacher for the first half of the upcoming academic year to teach history to children who needed learning support. The District offered the long-term substitute assignment for the first half of the 2020-2021 academic year to Claimant, with comparable hours and pay except that the assignment would be for half an academic year rather than a full one. Claimant declined the offer saying that it was not good for her family at that time and that she hoped to work with the District again.

2

Claimant indicated that she was interested in a position at the elementary school level rather than the high school level and did not feel familiar with the subject matter.

Upon application by Claimant, the Department of Labor and Industry issued a determination granting benefits. The District appealed and, following a hearing at which Claimant and the District were both represented by counsel, the referee issued a decision reversing the Department's determination. Thereafter, Claimant filed an appeal with the Board, which affirmed the referee's decision and denied benefits. Claimant requested reconsideration which the Board granted in order to reconsider the extent of Claimant's ineligibility. As indicated above, the Board affirmed the referee's decision as modified, denying benefits for a period of four weeks under Section 402.1(1). The Board stated:

> Here, the [District] hired the [C]laimant as a per diem substitute teacher. However, the [C]laimant was able to obtain a long-term substitute teaching position at the high school for the entire academic year for 2019-2020. Although the [District] did not originally offer her reasonable assurance before the end of that academic year, it was able to offer her a similar position as a long-term substitute position at the high school for the first half of the upcoming academic year. The Board concludes that the economic conditions for the second position were not substantially less than the first even though the position was only for half the year and not the whole year as the [C]laimant was hired as a per diem substitute . . . . Therefore, the [District's] offer was a bona fide offer.

(Bd. Decision at 3.) Claimant then filed a petition for review with this Court.

On appeal, Claimant raises issues which may be summarized as follows: whether she received reasonable assurance of employment for the 2020-21

3

school year disqualifying her from benefits for the four-week period mentioned above.

> Section 402.1(1) of the Law provides, in pertinent part, as follows:
>
> Benefits based on service for educational institutions . . . shall . . . be payable . . . except that:
>
> (1)     With respect to service performed . . . in an . . . educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years . . . to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

43 P.S. § 802.1(1).  "Reasonable assurance," which is not defined by the Law, is described by Board regulation in pertinent part as follows:

> (a) For purposes of section 402.1 of the [L]aw, a contract or reasonable assurance that an individual will perform services in the second academic period exists only if both of the following conditions are met:
>
>> (1) The educational institution or educational service agency provides a bona fide offer of employment for the second academic period to the individual.
>
>> (2) The economic terms and conditions of the employment offered to the individual for the second academic period are not substantially less than the terms and conditions of the individual's employment in the first academic period.
>
> . . . .

4

(c) For the purposes of subsection (a), economic terms and conditions of employment include wages, benefits and hours of work.

34 Pa.Code § 65.161(a), (c).

We have noted that reasonable assurance in each case "must be determined by the Board's examination of all relevant facts." *Glassmire v. Unemployment Comp. Bd. of Rev.*, 856 A.2d 269, 273 (Pa. Cmwlth. 2004) [quoting *Neshaminy Sch. Dist. v. Unemployment Comp. Bd. of Rev.,* 426 A.2d 1245, 1247 (Pa. Cmwlth. 1981)]. A claimant's employment history is among the relevant factors to consider. *Bornstein v. Unemployment Comp. Bd. of Rev.,* 451 A.2d 1053, 1055 (Pa. Cmwlth. 1982). Claimant argues, *inter alia*, that the economic terms of the position offered were changed from those of the previous school year because "this was only a half-year position."[2] (Claimant Br. at 16.)

The District responds that Claimant was not hired as a long-term substitute teacher, but as a per diem substitute teacher. The District compares Claimant's situation to that of the claimant in *Carlynton School District v.*

---

[2] Most of Claimant's brief concerns other matters. Claimant argues that she believed she was no longer employed with the District as a long-term substitute English teacher because she was informed that her contract would not be renewed and that "[i]n good faith, [she] . . . applied for the permanent elementary learning support position . . . hoping to be hired permanently at the elementary level as her prior work experience had been as an elementary level teacher, with only one year of teaching Learning Support English at the high school level." (Claimant Br. at 14.) Claimant asserts she had "good cause" for not accepting the high school history substitute position because she was not familiar with the subject matter and was "not trained, equipped or well-versed enough in the subject . . . especially on the high school level." (*Id.* at 15.) Claimant asserts that other special education positions were available, but that no other offers were extended.

While bearing on the suitability of the employment offered, which the Board instructed the Department to investigate (*see supra* n. 1), these concerns are not relevant to the economic equivalency of the position offered for the four weeks in question. We address Claimant's cognizable argument.

*Unemployment Compensation Board of Review*, 929 A.2d 680 (Pa. Cmwlth. 2007), which the Board cited in its decision, wherein a per diem substitute teacher became a long-term substitute teacher for several periods during a school year, and later returned to being a per diem substitute teacher and the district sent a letter offering him a per diem position for the upcoming academic year. *Id.* at 682. The Board granted benefits, reasoning that return to the status of a per diem substitute teacher did not constitute an offer of reasonable assurance. We reversed, reasoning that the claimant accepted per diem work and the uncertainty inherent in that position. *Id.* at 684. We concluded that the district's offer of per diem employment was the same as the previous school year's offer and, therefore, the terms and conditions were not substantially less precluding eligibility for unemployment benefits. *Id.* The District asserts that even more than in *Carlynton*, denial is warranted in the instant case as the offer of long-term substitute employment is actually superior to the per diem conditions accepted by Claimant the previous year.

In *Carlynton*, the claimant accepted a per diem position and switched several times between long-term assignments and per diem assignments over the course of an academic year, reverting by the end of the year to per diem. *Id.* In *Carlynton*, we cited *Archie v. Unemployment Compensation Board of Review*, 897 A.2d 1, 4 (Pa. Cmwlth. 2006) for the proposition that "there [was] no evidence that the terms of [the c]laimant's employment as a per diem substitute teacher changed from the 2005-2006 school year to the 2006-2007 school year" because "the focus of our inquiry is whether the terms and conditions offered were substantially less *at the time the offer was made,* 'without the benefit of hindsight.'" *Archie*, 897 A.2d at 5 (emphasis original) [quoting *Glassmire*, 856 A.2d at 274]. We ultimately concluded that based upon this test, "there is no evidence that the terms of [the

c]laimant's employment as a per diem substitute teacher changed from the 2005–2006 school year to the 2006–2007 school year." *Carlynton*, 929 A.2d at 684.

Here, the Board initially found that Claimant was "*last employed as a per diem substitute teacher* by the . . . District," (Bd. Decision, F.F. 1), with her last day of work coinciding with the end of the 2019-2020 academic year, but in the next breath found that "[a]lthough the [C]laimant was hired as a per diem substitute, she *was offered and accepted a long-term substitute teacher's position for the entire 2019-2020 academic year* teaching high school English for children who needed learning support," [*Id.* at F.F. 2 (emphasis added)]. Based on these findings, the Board concluded that "the economic conditions of the second position were not substantially less than the first even though the position was only for half the year and not the whole year as the [C]laimant was hired as a per diem substitute." (Bd. Opinion at 3). We believe the Board erred in focusing on the terms under which Claimant was "hired" if, in fact, the terms and conditions of her employment changed when she was offered and accepted a long-term substitute teacher's position for the entire 2019-2020 academic year. While we are bound by the findings of the Board as the ultimate finder of fact, it is incumbent upon the Board to make findings of the underlying facts which are sufficiently definite and specific to enable this Court to pass upon the legal issues involved. *Unemployment Comp. Bd. of Rev. v. Walton*, 343 A.2d 70, 72 (Pa. Cmwlth. 1975). The ambiguity in the findings of fact in this case matters, because a per diem substitute accepts the uncertainty of continued employment, while a long-term substitute does not. Whether Claimant was, in fact, a per diem substitute for the entirety of the previous academic year or, after her initial hire at that position, became a long-term substitute for the balance of the academic year, or went back and forth as in *Carlynton,* is of critical importance

7

in determining whether the offer made represents, in the terms of the Board's regulation, a substantial reduction in "wages . . . and hours of work."

In light of the forgoing, we vacate the order of the Board and remand for proceedings consistent with this opinion, the making of sufficiently definite findings of fact, and the entry of an order based upon those findings.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Susan Cairns, :
     Petitioner :
          :
   v. : No. 336 C.D. 2022
          :
Unemployment Compensation :
Board of Review, :
     Respondent :

# **O R D E R**

AND NOW, this 15th day of August, 2023, the order of the Unemployment Compensation Board of Review is VACATED and the matter is REMANDED for actions consistent with this opinion within 90 days of this date. Jurisdiction is RELINQUISHED.

             _____

             **BONNIE BRIGANCE LEADBETTER,**
             President Judge Emerita