IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan B. Forry,                          :
                                         :
                    Petitioner           :
                                         :
            v.                           : No. 289 C.D. 2022
                                         : Submitted:  December 2, 2022
Unemployment Compensation                :
Board of Review,                         :
                                         :
                    Respondent           :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  August 31, 2023


            Susan B. Forry (Claimant), proceeding *pro se*, petitions for review of

the order of the Unemployment Compensation Board of Review (Board) affirming

the referee's decision that granted benefits for weeks ending June 13, 2020, through

June 27, 2020, but denied benefits for weeks ending July 4, 2020, through August

22, 2020, pursuant to Section 402.1(1) of the Unemployment Compensation Law

(Law).[1]  Claimant contends that the Board erred or abused its discretion because she

was not offered reasonable assurance of returning to work.  Upon review, we affirm.

                              **I. Background**

            Claimant, who worked for Hempfield School District (Employer) as a

substitute teacher, applied for unemployment compensation benefits at the end of

_____

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, added by
Section 5 of the Act of July 6, 1977, P.L. 41, 43 P.S. § 802.1(1).

the 2019-2020 school year. A local service center granted benefits. Employer appealed, and a referee held a hearing.

Before the referee, Claimant and two witnesses for Employer appeared and testified. Certified Record (C.R.) at 61. Based upon the testimony and evidence presented, the referee awarded benefits for weeks ending June 13, 2020, through June 27, 2020, but denied benefits for weeks ending July 4, 2020, through August 22, 2020, upon finding that Employer offered Claimant reasonable assurances of returning to work.

Claimant appealed to the Board. The Board adopted and incorporated the referee's findings of fact and conclusions of law as its own and affirmed. The Board found that Claimant worked for Employer during the 2019-2020 school year. During the school year, Employer did not provide work to Claimant after March 6, 2020, as a result of implementing a virtual classroom setting in response to the COVID-19 pandemic. The last day of classes was June 4, 2020. Employer historically contacted substitute teachers during the summer, informing them of Employer's desire to have them return in the same capacity. On June 29, 2020, Employer emailed Claimant notifying her of its desire to have her return to work in the same capacity, and requested Claimant to respond if she was interested in returning. On July 14, 2020, Claimant responded to the email stating that she would like to return to work as a substitute teacher. The 2020-2021 school year classes resumed on August 25, 2020, and Claimant returned to work in the same capacity as a substitute teacher. *See* Referee's Decision, 4/6/21, Findings of Fact (F.F.) Nos. 1-8.

The Board concluded that Claimant had no reasonable assurance of returning prior to the June 29, 2020 email. Thus, the Board determined that Claimant

was eligible for benefits for claim weeks ending June 13, 2020, through June 27, 2020. The Board determined that Claimant was not eligible for benefits for claim weeks ending July 4, 2020, through August 22, 2020 because Employer offered reasonable assurance of returning based on an email sent June 29, 2020. Although the June 29, 2020 email was not offered into evidence, Claimant and Employer both offered testimony regarding the contents of the email. To the extent the testimony regarding the contents of the email slightly varied, the Board resolved the conflict in favor of Employer. Thus, the Board affirmed the referee's decision granting benefits for weeks ending June 13, 2020, through June 27, 2020, but denying benefits beginning with week ending July 4, 2020, through week ending August 22, 2020, pursuant to Section 402.1(1) of the Law. Claimant's appeal to this Court now follows.[2]

## II. Issues

Claimant contends that the Board erred or abused its discretion to the extent that it denied her benefits. Claimant sets forth several issues, which may be distilled into the single issue of whether substantial evidence supports the Board's finding that Employer offered her reasonable assurance of continued work for the 2020-2021 academic year. Claimant asserts that she was never reassured of her ability to return, but was instead rehired by Employer without any assurances that would preclude benefits under the Law.

---

[2] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006 (Pa. Cmwlth. 2014).

## III. Discussion

Preliminarily, we note that the Board is the ultimate factfinder in unemployment compensation cases. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). "[T]he weight to be given the evidence and the credibility to be afforded the witnesses are within the province of the Board as finder of fact . . . ." *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1386 (Pa. 1985). "The Board's findings are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings." *Hessou*, 942 A.2d at 198. We "examine the testimony in the light most favorable to the party in whose favor the fact[]finder has ruled, giving that party the benefit of all logical and reasonable inferences from the testimony . . . ." *Penn Hills School District v. Unemployment Compensation Board of Review*, 437 A.2d 1213, 1218 (Pa. 1981).

Section 402.1 of the Law governs benefits based on service for educational institutions. 43 P.S. §802.1. Section 402.1(1) provides, in relevant part:

> Benefits based on service for educational institutions . . . shall as hereinafter provided be payable . . .; except that:
>
> (1) With respect to service performed after December 31, 1977, in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a *reasonable assurance* that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

4

43 P.S. §802.1(1) (emphasis added). The purpose of Section 402.1 is

> to eliminate the payment of benefits to school employees during summer months and other regularly scheduled vacations, on the rationale that such employees are able to anticipate and prepare for these nonworking periods. The law thus recognizes that these employees are not truly unemployed or suffering from economic insecurity during scheduled recesses.

*Haynes v. Unemployment Compensation Board of Review*, 442 A.2d 1232, 1233 (Pa. Cmwlth. 1982).

The Law does not define "reasonable assurance," but Section 65.161 of the Department of Labor and Industry's (Department) Regulation's provides:

> (a) For purposes of [S]ection 402.1 of the [L]aw (43 P.S. §802.1), a contract or *reasonable assurance* that an individual will perform services in the second academic period exists only if both of the following conditions are met:
>
> (1) The educational institution or educational service agency *provides a bona fide offer of employment for the second academic period to the individual*.
>
> (2) The economic terms and conditions of the employment offered to the individual for the second academic period are not substantially less than the terms and conditions of the individual's employment in the first academic period.
>
> (b) For the purposes of subsection (a), an offer of employment is not bona fide if both of the following conditions exist:
>
> (1) The educational institution or educational service agency does not control the circumstances under which the individual would be employed.

5

(2) The educational institution or educational service agency cannot provide evidence that the individual or similarly situated individuals normally perform services in the second academic period.

(c) For the purposes of subsection (a), economic terms and conditions of employment include wages, benefits and hours of work.

34 Pa. Code §65.161 (emphasis added). "We have consistently explained that 'reasonable assurance' does not require the employer to give an absolute guarantee of employment in the second academic year." *Archie v. Unemployment Compensation Board of Review*, 897 A.2d 1, 3 (Pa. Cmwlth. 2006). "The existence of reasonable assurance is marked by some evidence of mutual commitment or assurance between the teacher and employer to recall the former, so that the teacher can be said to have a reasonable expectation of returning to employment in the next term." *Id*. at 3 n.5 (quotations and citation omitted). "What constitutes reasonable assurance is a matter to be determined by the Board based on the facts of the case." *Id*.

Our focus here is on whether Employer extended a bona fide offer of employment for the second academic period.[3] The Board found that, on June 29, 2020, Employer emailed Claimant informing her of Employer's desire to have her return to work in the 2020-2021 academic school year in the same capacity as a substitute teacher and requested Claimant to respond if she was interested. F.F. No. 6. On July 14, 2020, Claimant responded that she was interested. F.F. No. 7. Although neither party offered the June 29, 2020 email into evidence, the Board's findings are supported by the following testimony elicited by the referee (R) from

---

[3] Claimant does not argue that the economic terms and conditions of the employment offered were substantially less.

6

Makenzie Adamus, Employer's Human Resources Generalist (EW1), at the hearing:[4]

R    All right. So did -- is there any sort of reasonable assurance provided to [] Claimant that she could return in the same capacity for the 2020[-]2021 school year?

EW1    Yes.

R    And when would that have been issued to [] Claimant?

EW1    June of 2020.

R    Could you be a little more specific?

EW1    June 29th of 2020.

R    How would she have been informed?

EW1    We required a response.

R    How would she have been informed of reasonable assurance as of June 29th?

---

[4] Claimant appended what appears to be a copy of the June 29, 2020 email to her brief. It is well settled that

> [a]n appellate court is limited to considering only those facts that have been duly certified in the record on appeal. For purposes of appellate review, that which is not part of the certified record does not exist. Documents attached to a brief as an appendix or in a reproduced record may not be considered by an appellate court when they are not part of the certified record.

*B.K. v. Department of Public Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012) (citations omitted). Even if this Court was to consider this document, it does not support Claimant's position or undermine the Board's findings.

> EW1   Via E-mail from the [Human Resources] Department.
>
> R      Well no. I mean was there a letter sent at -- I'm not sure what you're saying. You're -- was there a letter sent to her on June 29th informing her that she had reasonable assurance of returning at the beginning of the next school year, is that what you're saying?
>
> EW1   Yes. An E-mail was sent out to our Hempfield substitute teachers letting them know that we would like to bring them back and to let us know if they were interested in joining us again for the 2020[-]2021 school year. So we would like to have them back. They had to let us know if they would like to return.

C.R. at 68. Under cross-examination, Employer's witness again testified that Employer sent a letter of assurance in June 2020. *Id.* at 70. Although Employer's questionnaire initially stated the reasonable assurance was sent to Claimant in August 2020, Employer's witness clarified that it was sent June 29, 2020. *Id.* at 68.

Claimant acknowledged receiving an email from Employer on June 29, 2020. *Id.* at 71. Claimant testified that the email asked whether she was interested in returning. *Id.* She responded that she wanted to return. *Id.* Although there was a slight dispute as to the contents of the email,[5] the Board resolved the conflict in favor of Employer that Employer's interest in having Claimant return was conveyed in the June 29, 2020 email. Determinations as to conflicts in evidence, witness credibility, and evidentiary weight are within the sole discretion of the Board and will not be disturbed on appeal. *See Peak*, 501 A.2d at 1386.

Upon review, the Board's findings are supported by substantial evidence. Those findings, in turn, support the conclusion that Employer offered

---

[5] Claimant testified that she did not recall whether the email stated that Employer wanted her to return. C.R. at 70.

Claimant reasonable assurance to return to her position as of June 29, 2020. Thus, the Board did not err in determining that Claimant was ineligible for benefits for claim weeks ending July 4, 2020, through week ending August 22, 2020, pursuant to Section 402.1(1) of the Law.

## IV. Conclusion

Accordingly, the order of the Board is affirmed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan B. Forry,              :
                                      :
          Petitioner   :
                                        :
          v.                 : No. 289 C.D. 2022
                                        :
Unemployment Compensation  :
Board of Review,            :
                                      :
          Respondent :

# **O R D E R**

AND NOW, this 31ˢᵗ day of August, 2023, the order of the Unemployment Compensation Board of Review, dated January 19, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge